KNOEDLER et al. v. UNITED STATES.

(Circuit Court, S. D. New York. March 13, 1902.)

No. 2,999.

CUSTOMS DUTIES—PAINTINGS—AMERICAN ARTISTS—REGULATION OF TREASURY DEPARTMENT.

The regulation prescribed by the secretary of the treasury that an artist can live abroad only five years, with right to have his paintings admitted free of duty, under Tariff Act 1897, par. 703, as the product of an American artist residing temporarily abroad, cannot be sustained.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

Howard T. Walden, for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

COXE, District Judge (orally). This controversy arises with regard to the paintings of an American artist, Mr. Ridgway Knight. The collector assessed them for duty under paragraph 454 of the act of 1897. The importer protested insisting that they should have been admitted free under paragraph 703 of the same act as "the production of an American artist residing temporarily abroad." Accompanying the invoice was an affidavit by Mr. Knight, stating that he is a citizen of the United States, that by profession he is an artist, that his permanent place of residence is Philadelphia, and that his temporary residence is Poissy, France. The vice deputy United States consul general residing at Paris refused to receive the certificate presented by Mr. Knight, for the reason that it was not in compliance with the regulations prescribed by the secretary of the treasury, in that it showed that the artist had resided in France for a period longer than five years. It cannot be successfully contended that the secretary of the treasury was justified in making the arbitrary limitation of five years. This being so it is for the court to determine upon the facts whether the residence abroad is temporary or permanent. The affidavit of Mr. Knight, while not as full as it might be as to his intention regarding his residence abroad, is probably deficient in this particular, for the reason that he followed the form pre-

scribed by the secretary of the treasury. There is, however, no proof to contradict his statement that his permanent residence is in Philadelphia and that he is only temporarily residing in France.

Since this decision of the board the court is informed that the secretary of the treasury upon a reconsideration of the facts and the law has ruled that this same artist is entitled to free entry of his works under the paragraph in question. It is gratifying to note the further fact that the board subsequently to the decision in the case at bar, upon affidavits stating the facts with greater detail and accuracy, also reached the conclusion that Mr. Knight is an American artist residing temporarily abroad. G. A. 4,727, decision, filed July 16, 1900. It appears, therefore, that the court, the board and the treasury department are in accord upon the question involved.

The court is of the opinion that the paintings in question should have been admitted free of duty. The decision of the board of general appraisers is reversed.