L. GANDOLFI & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 18, 1907.)

No. 4,379.

CUSTOMS DUTIES—MEASUREMENT—FISH IN TINS—"CONTAINING."

In applying the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 258, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], for fish in tins "containing" various quantities, the actual capacity of the tins should be considered, rather than the quantity of fish found in them.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,400 (T. D. 27,490), which affirmed the assessment of duty by the collector of customs at the port of New York.

The goods in controversy consisted of fish in tins; each tin having a separate piece of tin with a small piece of wood pressing it down on the fish to hold it in place, and this leaving a vacancy in each tin. The importers contended that in ascertaining whether the tins contained more or less than 33 cubic inches each in order to determine their tariff classification, this vacancy should be considered for, and only the cubic measurement of the fish should be considered.

Everit Brown, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise in question, consisting of anchovies contained in tin boxes or cans, is dutiable under paragraph 258 of the Tariff Act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650]. Duty was assessed by the collector at ten cents per box, as "containing more than 33 and not more than 70 cubic inches." The protestants assert that the merchandise is dutiable at only five cents per box, as containing more than 21 and not more than 33 cubic inches.

Upon the authority of In re Johnson et al. (C. C.) 56 Fed. 822, and Kauffmann Bros. v. United States (C. C.) 99 Fed. 430, holding that it was not so much the intention of Congress to impose a duty on fish as upon the tin cans in which the same are contained, and the opinion of the Board clearly stating the impracticability of opening the tin boxes or cans in which the fish are imported in order to ascertain the precise quantity therein contained, the contention of the importers is overruled, and the decision of the board affirmed.