### UNITED STATES v. ZUCCA & CO.

### UNITED STATES v. LUZZATTO.

(Circuit Court, S. D. New York. February 27, 1907.)

#### Nos. 4,475, 4,493.

1. CUSTOMS DUTIES—MEASUREMENT—INVOICE DESCRIPTION—"GALLON."
    The description of merchandise in an invoice as contained in "gallon" tins is not to be taken as conclusive against the importers, as fixing the amount contained in the tins for the assessment of duty. Such descriptions do not purport to indicate exactly the amount so contained, and it is the duty of government officers to ascertain as nearly as possible the quantity imported.

2. SAME—MEASUREMENT BY CUSTOMS OFFICERS—PRESUMPTION OF CORRECTNESS.
    The method employed by administrative officers of the customs in ascertaining the dutiable quantity of imported merchandise should not be disturbed, except upon a clear showing of unfairness or injustice.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,416 (T. D. 27,556), which reversed the assessment of duty by the collector of customs at the port of New York on importations of olive oil, which is dutiable at the rate of 50 cents per gallon under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 40, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629]. The oil was in tin cans, described in the invoices as one-gallon, two-gallon, and five-gallon cans. The Board of General Appraisers held that the duty should be based on the quantity actually imported, and not on the capacity of the tins, nor on the amount indicated by such description to be contained in them, and that such actual quantity should be ascertained by weight, on the basis of 7.56 pounds per gallon.

Everit Brown, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HOUGH, District Judge.   I am of opinion that the word "gallone," used in the Italian invoices, does not mean and does not purport to mean "gallon" in any other sense than the words "quart" and "pint" are habitually used with reference to bottled liquors.   There is no pretense that the "gallon tin" contained exactly a gallon, any more than under the known conditions of trade a quart bottle of liquor is held out to contain a quart.

The duty of the government officers is to ascertain as nearly as possible the actual quantity imported in gallons, and the method employed by the administrative officials should not be disturbed, except upon a clear showing of unfairness or injustice.   I incline to the opinion that the method adopted by the General Appraisers is the most accurate.   But, whether that be true or not, the testimony in this case is not sufficient to disturb it; there being no proof at all that the amount on which duty has been exacted was less than the amount actually coming into the country.

I think this case is the converse of Giglio v. U. S., 91 Fed. 758, but is governed by the same principle; that is, that the testimony does not give any guide to greater accuracy and stricter justice than has been exercised by the General Appraisers.

Their decision is therefore affirmed.