## UNITED STATES v. LA MANNA, AZEMA & FARNAN.

### (Circuit Court, S. D. New York.   May 15, 1907.)

### No. 4,622.

CUSTOMS DUTIES—CLASSIFICATION—OLIVE OIL IN LARGE TINS.

Construing Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 40, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629], providing (1) for olive oil "in bottles, jars, tins, or similar packages," and (2) for "olive oil, not specially provided for." *held*, that oil in 5-gallon tins, in which form it is not sold to the consumer but to hotels and retail dealers, is not subject to the first provision, but to the latter.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,469 (T. D. 27,681), reversing the assessment of duty by the collector of customs at the port of New York.

The opinion filed by the Board reads as follows:

McCLELLAND, General Appraiser. The question raised by this protest is whether olive oil imported in tins containing five gallons each is dutiable at 50 cents per gallon, under the provision in the Tariff Act July 24, 1897, § 1, Schedule A, par. 40, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629], for olive oil "in bottles, jars, tins, or similar packages," or at 40 cents per gallon, under the provision in the same paragraph for "olive oil, not specially provided for." Narrowed down, the question is whether a 5-gallon tin is such a container as is contemplated by the term "tins" in said paragraph 40, or whether it is too large to be considered as belonging in the class with bottles, jars, tins, or similar packages. Such evidence as we have before us tends to establish that 5-gallon tins of olive oil are not usually sold to the consumer, but as a rule are sold to hotels or the retail trade.

In G. A. 5,448 (T. D. 24,733) the issue was whether olives imported in cans containing from 5 to 15 gallons were subject to duty at 25 per cent. under the provision in paragraph 264, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], for "olives, green or prepared, in bottles, jars, or similar packages." In that case the Board said: "The merchandise covered by these protests is imported in 5 and 15 gallon cans, and such packages are not similar to bottles or jars, and are not sold by retail dealers in their original packages, but are sold in the same manner as olives in casks, either in bulk or in small lots taken therefrom and usually repacked in bottles for consumption."

In G. A. 6,366 (T. D. 27,345) the Board passed upon the question of whether prepared mushrooms, packed in tin receptacles or boxes, each weighing 22 pounds gross, and measuring 15 inches high, 12 inches wide, and 10 inches thick, were dutiable at the rate of 40 per cent. ad valorem, under the provision in paragraph 241 for "all vegetables prepared or preserved," as assessed, or whether they should have been assessed at the rate of 2½ cents per pound, under the provisions in the same paragraph for "beans, pease, and mushrooms prepared or preserved, in tins, jars, bottles, or similar packages." In deciding this question, Waite, General Appraiser, writing for the Board, said: "We do not think tin packages of this size are those contemplated by the provision last quoted. While it would be difficult, in the absence of evidence as to the various sizes of packages dealt in, to say how large a tin might be taxed at 2½ cents per pound, it clearly ought to be one whose size and purpose compare with those of the jars and bottles mentioned in the law; that is to say, the word 'tins' should be interpreted in the light of the context. A natural reading of the provision indicates that it was intended to cover smaller tins, jars, and bottles in which to every one's knowledge beans, pease, and mushrooms are ordinarily sold to consumers."

We think the question here involved is similar to those passed upon in the

cases cited, and on the same line of reasoning we think the claim of protestants is well founded.

The protest is sustained, and the collector is directed to reliquidate the entry and assess duty on the basis of 40 cents per gallon.

D. Frank Lloyd, Asst. U. S. Atty.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers.

PLATT, District Judge.    Decision affirmed.