## UNITED STATES *v.* BACILE (No. 1046).[1]

OLIVE OIL IN TINS.

The evidence is not sufficient to establish a commercial designation. The case is ruled by United States *v.* Palma (4 Ct. Cust. Appls., 140; T. D. 33412, *infra*).

### United States Court of Customs Appeals, May 6, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30243 (T. D. 32884).

[Reversed ]

*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* assistant attorney, on the brief), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal involves the same issue as that decided this day by the court in United States *v.* Palma, *infra* (4 Ct. Cust. Appls., 140; T. D. 33412).

Olive oil was imported in tins containing approximately 5 gallons. The question arose as to the applicability of the rate of duty under paragraph 38 of the tariff act of 1909, which is as follows:

38. Olive oil, not specially provided for in this section, forty cents per gallon; in bottles, jars, kegs, tins, or other packages, containing less than five gallons each, fifty cents per gallon.

The collector reported in this case as follows:

As the quantity of olive oil in each container was less than 5 gallons, duty was assessed at 50 cents per gallon under paragraph 38.

The only testimony introduced by the importer was that of the importer, who testified as follows:

Q. You sell those tins just as they come, without opening?—A. In cases. Sometimes I sell by the 5 gallons, sometimes I get a small order, and then I open them and put the oil in 1 and 2 gallon.

Q. When you sell them without opening do you sell them as 5-gallon tins?— A. Yes, sir.

This evidence is plainly insufficient to establish a commercial usage in the premises. It requires no further comment to demonstrate that fact.

The case is controlled by the reasoning adopted by the court in United States *v.* Palma, *infra* (T. D. 33412). For the reasons therein stated, the decision of the Board of General Appraisers is *reversed.*

---

[1] Reported in T. D. 33411 (24 Treas. Dec., 693).