UNITED STATES *v.* PALMA (No. 1047).[1]

OLIVE OIL IN TINS.
   It is clear in view of the decisions and of the change in language appearing in paragraph 38, tariff act of 1909, that it was intended by that paragraph to levy the duty there fixed upon the contents rather than upon the capacity of tins containing olive oil.—United States *v.* La Manna (154 Fed., 927); Gandolfi & Co: *v.* United States (152 Fed., 656) distinguished.

### United States Court of Customs Appeals, May 6, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30243 (T. D. 32884). [Reversed.]
   *William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* assistant attorney, on the brief), for the United States.
   *Brown & Gerry* for appellee.

   Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

   DE VRIES, Judge, delivered the opinion of the court:
   This appeal concerns an importation of olive oil in tins containing approximately 5 gallons each. The applicable provision of the tariff act of 1909 under which the importation was rated for duty is paragraph 38, as follows:

   38. Olive oil, not specially provided for in this section, forty cents per gallon; in bottles, jars, kegs, tins, or other packages, containing less than five gallons each, fifty cents per gallon.

   There was no testimony introduced at the hearing before the Board of General Appraisers and the facts determinative of the issue found their place in the record by stipulation, as follows:

   Submitted on papers and stipulation that the average capacity of the tins of olive oil is 4.85. Counsel for importers calls attention to decisions holding that such tins are commercial 5-gallon tins.

   The issue, as succinctly stated by counsel for appellee in their brief, is as follows:

   The whole question in the case is the interpretation of the provision in paragraph 38 for tins containing less than 5 gallons. We contend that this expression means tins of a capacity of less than 5 gallons, whereas the collector's position is that it means tins which do not actually contain at least 5 gallons of oil. This is the whole issue in this case.

   The board held as follows:

   It appearing from the record that the olive oil in question was contained in commercial 5-gallon tins, we sustain the claims that duty should have been assessed thereon at 40 cents per gallon.

   There is no testimony, as stated, in the record as to the commercial understanding upon the subject matter. We therefore must look, in order, if at all, to sustain the opinion of the board, to previous decisions upon the subject. It is said by counsel for appellee in their brief that "the situation in each of the earlier cases decided is the same as in the cases now before this court—that is to say, the earlier cases relate to olive oil in tins of a capacity of 5 gallons, but containing a little less than 5 gallons of oil." The earlier decisions spoken of do not seem to bear out either the contention of appellee or

the conclusion of the board. The question arose under paragraph 40 of the tariff act of 1897, which was unlike paragraph 38, *supra,* and read as follows:

40. Olive oil * * * in bottles, jars, tins, or similar packages, * * *.

Tins containing 5 gallons of oil having been imported and assessed for duty under said paragraph 40, the question was raised as to the application of the statute. It was finally decided by the United States Circuit Court of Appeals for the Second Circuit in United States *v.* La Manna, Azema & Farnan (158 Fed., 1022), affirming the Circuit Court for the Southern District of New York upon the opinion of the court below (United States *v.* La Manna, Azema & Farnan · 154 Fed., 927), which, in turn, had affirmed the decision of the Board of General Appraisers upon its opinion in the same case, G. A. 6469 (T. D. 27681).

An examination of that case discloses that the point here raised was not there in issue. The sole question involved in that case under that statute was whether or not 5-gallon tins were *ejusdem generis* with "bottles, jars, tins, or similar packages," as used in that paragraph. The question was decided in the negative. Undoubtedly prompted by this decision, Congress in the tariff act of 1909 caused to be inserted in this paragraph, when reenacted as paragraph 38, *supra,* the controlling words of that paragraph in this particular, "containing less than 5 gallons each."

Counsel for the appellee further cited the case of Gandolfi & Co. *v.* United States (152 Fed., 656) as determinative of this issue. That decision construed paragraph 258 of the tariff act of 1897, which provided for "fish * * * packed in * * * tin boxes, * * * ten cents *per* * * * box or can.*"* This paragraph provides upon olive oil in tins containing less than 5 gallons each "fifty cents *per* gallon.*"* The difference is obvious and supports, rather than otherwise, the conclusion reached by the court in this case. In the Gandolfi case the duty was levied *per box or tin,* being expressly measured by the capacity of the container. In this case the duty is levied according to the contents, by the *gallon rate,* according to the quantity of the contents.

This case is more like that of the United States *v.* Zucca & Co. (154 Fed., 172), wherein the United States Circuit Court for the Southern District of New York, in construing said paragraph 40 of the tariff act of 1897, held that such importations were dutiable according to the actual amount of oil contained in the tins rather than upon the basis or capacity of the tins.

It seems clear to us, in view of these decisions and the change in the language inserted by Congress in 1909, that it was the purpose of Congress to specifically levy this duty upon the contents rather than upon the capacity of the tins, and that any other conclusion must do violence to the express words of the act.

The decision of the Board of General Appraisers is *reversed.*