UNITED STATES *v.* SPRAGUE, WARNER *et al.* (No. 1031).[1]

OLIVE OIL IN TINS—CAPACITY.

All the tins in this case hold less than the quantity of oil which would entitle the goods to assessment at 40 per cent ad valorem. They were dutiable according to contents at 50 per cent under paragraph 38, tariff act of 1909.—United States *v.* Palma (4 Ct. Cust. Appls., 140; T. D. 33412).

United States Court of Customs Appeals, May 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29810 (T. D. 32830.)

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Leland N. Wood*, assistant attorney, on the brief), for the United States.
*Lester C. Childs* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Olive oil entered at the port of Chicago was classified by the collector of customs as olive oil in tins containing less than 5 gallons each. The oil was accordingly assessed for duty at 50 cents per gallon under the provisions of paragraph 38 of the tariff act of 1909, which paragraph reads as follows:

38. Olive oil, not specially provided for in this section, forty cents per gallon; in bottles, jars, kegs, tins, or other packages, containing less than five gallons each, fifty cents per gallon.

The importers protested that the oil was dutiable at 40 cents per gallon under the provisions of the same paragraph, and based their protest on the ground that the tins were commercially known as 5-gallon tins, and that in any event the deficiency of oil in each tin was negligible.

The Board of General Appraisers sustained the protests and the Government appealed.

No evidence of any kind was introduced by the importers in support of their protests, and unless the facts disclosed in the report of the appraiser make it clear that the merchandise was incorrectly classified and assessed for duty the decision of the collector should be sustained. The appraiser's report shows that the tins covered by two of the protests had a capacity of a little less than 5 gallons, from which it followed of course that the tins did not contain 5 gallons of oil. The tins covered by the third protest, as shown by the appraiser's report, had a capacity of a little more than 5 gallons, but those tins also contained a little less than 5 gallons of oil. We have already decided that whether or not the 50 per cent rate shall be imposed is

---

[1] Reported in T. D. 33532 (24 Treas. Dec., 1011).

determined not by the capacity of the container, but by the quantity of oil which it contains, and that if the tins actually contain less than 5 gallons of oil they are subject to a duty of 50 per cent ad valorem. United States *v.* S. Palma (4 Ct. Cust. Appls., 140; T. D. 33412). All the tins in this case held less than the quantity of oil which would entitle the goods to assessment at 40 per cent ad valorem, and therefore the collector's assessment should stand. The limits of the 40 per cent rate and of the 50 per cent rate for oil were defined by Congress, and it does not lie with the collector or the courts to contract or expand the boundaries which the lawmaking power saw fit to establish. Indeed, if we have the right to say that 4.87 gallons of oil shall be considered as 5 gallons, it would seem that with equal right we might declare 4.50 gallons to be 5 gallons. Vandegrift & Co. *v.* United States (3 Ct. Cust. Appls., 176; T. D. 33462).

The records of none of the cases referred to in the protests and mentioned by counsel in his briefs were introduced in evidence. They have, therefore, no evidentiary value and can not be considered for the purpose of establishing commercial designation.

The decision of the Board of General Appraisers is *reversed.*