UNITED STATES *v.* YOUNGLOVE GROCERY Co. (No. 1360).[1]

OLIVE OIL—TINS CONTAINING LESS THAN 5 GALLONS EACH.

The merchandise was olive oil contained in tins, the oil in each container being slightly less than 5 gallons in quantity. *Held,* under paragraph 38 of the tariff act of 1909, the oil was dutiable at 50 cents per gallon as olive oil in tins containing less than 5 gallons each, and this notwithstanding the Treasury regulation of June 20, 1911 (T. D. 31711).

United States Court of Customs Appeals, October 29, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34988 (T. D. 34279.) [Reversed ]

*Bert Hanson,* Assistant Attorney General (*Leland N. Wood,* special attorney), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN. Judges.

MARTIN, Judge, delivered the opinion of the court:

This appeal relates to olive oil which was imported in tins under the tariff act of August 5, 1909.

---

[1] Reported in T. D. 34873 (27 Treas. Dec., 380).

It is conceded that the importation was dutiable under paragraph 38 of that act, reading as follows:

38. Olive oil, not specially provided for in this section, forty cents per gallon; in bottles, jars, kegs, tins, or other packages, containing less than five gallons each, fifty cents per gallon.

The collector assessed duty upon the oil at the rate of 50 cents per gallon under the latter provision of the foregoing paragraph.

The importers protested against this assessment, claiming duty upon the importation at the rate of 40 cents per gallon under the former provision of the paragraph.

The protest was heard by the Board of General Appraisers and was sustained, from which decision the Government now prosecutes its appeal.

It will be observed that paragraph 38, *supra*, divides olive oil when imported in tins into two classes. One class consists of oil in tins containing less than 5 gallons each; such oil is dutiable at 50 cents per gallon. The other class consists of oil in tins which do not contain less than 5 gallons each; such oil is dutiable at 40 cents per gallon. It has been held by this court in repeated cases that the duty in question is imposed upon the contents of the tins and not upon their capacity. The controlling question therefore is whether the tins in question actually contained less than 5 gallons of olive oil each. If so, the collector's assessment should be sustained. United States v. Palma (4 Ct. Cust. Appls., 140; T. D. 33412), United States v. Sprague (4 Ct. Cust. Appls., 358; T. D. 33532), United States v. Moos & Co. (5 Ct. Cust. Appls., 322; T. D. 34528).

The answer to this question may be found in the report of the local appraiser and likewise in the invoice of the merchandise. The appraiser reported the contents of the imported tins to be 4.9932 gallons each. The invoice stated the contents to be 4.992 plus gallons each. These figures were adopted by the importers themselves , in their protest.

It appears therefore that the olive oil was imported in tins containing slightly less than 5 gallons each, and upon the face of the statute the same was dutiable at 50 cents per gallon, as was assessed by the collector in this case.

This decision, however, should not be entered without a consideration of the Treasury regulation published on June 20, 1911, as T. D 31711, which reads as follows:

TREASURY DEPARTMENT, *June 20, 1911.*

SIR: Referring to your letter of April 21, 1911, further in regard to the assessment of duty upon olive oil in so-called 5-gallon containers, I have to advise you that 30 days from the date hereof the measurement of olive oil in such containers for the purpose of assessing duty thereon shall be as follows:

Representative tins, covering every variation of the capacity of tins in a given shipment, shall be ordered to the appraiser's stores for examination, and the cubical capacity of the tin shall be there found and noted. This finding may be made either by a

measurement of the physical size of the tin and the computation thereof or by weighing all of the contents of the tin and the computation thereon as to the total cubical contents and capacity thereof. In the event this latter method is adopted, care must be taken that the computation is based upon the weight of the oil of the particular tin under consideration, as the statistics show that there is a considerable variation with different brands of olive oil. If the total cubical capacity of the tin is equal to 5 gallons or more and there is an outage of not exceeding 1 per cent, the entire shipment represented by the given tin may be liquidated upon the basis of 40 cents per gallon. If the outage is in excess of 1 per cent, a reasonable number of additional tins from the same shipment shall be examined and the liquidation of the total shipment will be in accordance with the result of such examination. If the result of the examination of additional tins shall show an outage not exceeding 1 per cent, duty will be assessed at the rate of 40 cents per gallon; if the outage is in excess of 1 per cent, duty will be assessed at the rate of 50 cents per gallon upon the actual quantity imported under the provisions of paragraph 38 of the tariff act of August 5, 1909.

Respectfully,                                                · JAMES F. CURTIS,
(79883)                                                     *Assistant Secretary.*
COLLECTOR OF CUSTOMS, *New York.*

It will be observed that the department in the foregoing instruction directs the collector to assess the lower rate of duty prescribed by paragraph 38 upon all tins of olive oil which have a capacity of 5 gallons whose contents do not fall short of that measurement by more than 1 per cent. The present importation comes within that description. The effect of this regulation is to establish an allowable outage of 1 per cent in such cases and thereby to alter to that extent the limitation fixed by Congress in the terms of the paragraph itself. This regulation, therefore, if enforced, would not result in giving effect to the terms of the statute as enacted, but to the contrary it would alter or amend the same. No special authority for this action by the department appears in the act, and it seems clear that such authority is not within the general powers of the department. The line of demarkation between the two rates of duty was unconditionally fixed by the terms of the act, and only legislative authority can either raise or lower the same. The regulation of June 20, 1911, is therefore held to be invalid. Ullman *v.* United States (1 Ct. Cust. Appls., 61, 63; T. D. 31032), Tracy *v.* Swartwout (10 Pet., 80, 99), Knoedler *v.* United States (113 Fed., 999), Morrill *v.* Jones (106 U. S., 466).

It may be argued that the contents of the tins now in question fall so slightly below 5 gallons as to bring the case within the rule of *de minimis* and to justify the assessment of the lower rate of duty nevertheless. In answer to this, however, it should be noted that the dividing line between the two classes of tins has been fixed by Congress with certainty and exactness, and this legislative purpose must be given certain and exact effect. Otherwise a variable and discretionary demarkation would replace the inflexible one prescribed by the act itself. Furthermore, it is no more permissible to assess the lower rate of duty upon tins which are slightly under 5 gallons in

contents than it would be to assess the higher rate of duty upon tins which are slightly over 5 gallons in contents.   The rule of *de minimis* therefore does not apply to the present provision.   Vandegrift *v.* United States (3 Ct. Cust. Appls., 176, 178; T. D. 32462), Greenbaum's case, G. A. 1785 (T. D. 13483), United States *v.* Leuder (154 Fed., 1).

The decision of the board is accordingly *reversed.*