## RIETMANN PILCER CO. *v.* UNITED STATES (No. 2722) [1]

GRAPES IN BARRELS WITH SULPHUREOUS-ACID GAS—FRUITS PRESERVED IN THEIR OWN JUICES—RELATIVE SPECIFICITY.

Grapes were imported in barrels, sealed and filled with sulphureous-acid gas, which kept the grapes in their natural state about a year, or as long as the gas remained in the barrels. Under *United States* v. *Conkey & Co.*, 12 Ct. Cust. Appls. 552, holding that frozen meat is not prepared or preserved, such treatment is not a preparation or preservation. The presence of a small amount of the juice in the barrels of from 25 to 180 gallons as a natural incident of handling and transportation—"in some barrels * * * as much as one gallon and a half"—is negligible and can not be regarded as a preservation. The grapes reached the consumer in the same condition as if freshly picked. Obviously "grapes" is more specific than "fruits." The sustaining of a protest claiming as grapes in barrels, under paragraph 742, Tariff Act of 1922, against assessment as fruits preserved in their own juices, under paragraph 749, is affirmed.

United States Court of Customs Appeals, May 22, 1926

APPEAL from Board of United States General Appraisers, Abstract 50690

[Affirmed.]

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument May 11, 1926, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The importation in this suit involves the proper classification of grapes packed in barrels. According to the testimony, the grapes as they come from the vine are placed in barrels without any treatment whatever. When the barrel is full the head is placed thereon and a small hole is bored on the opposite side to that of the bunghole and sulphureous-acid gas is then allowed to enter the barrel through the bunghole, displacing the air. After the air has been expelled the barrel is sealed and is shipped to this country without further treatment. The grapes will keep in this condition in their natural state about a year, or as long as the gas remains in the barrel. Upon

---

[1] T. D. 41676.

arrival in this country there is present in the barrel a certain amount of juice which the importer testified comes from "the pressure of the grapes from the handling."

The evidence does not disclose what percentage of juice is found in the barrel as compared with the quantity of grapes, but, in argument, it was conceded that the amount was negligible and that it could not be contended that the juices had anything to do with the preservation or the keeping of the grapes. The witness said that "in some barrels we found as much as one gallon and a half of juice," and that these barrels were termed one-half barrels; that the barrels contained from 25 gallons to 180 gallons.

While it was argued in the brief of the Government that the importation may properly be styled as fruits packed in their own juice, this position was practically abandoned in oral argument, and we think properly so.

The goods were assessed for duty, by the collector, at 35 per centum ad valorem, under the provisions of paragraph 749 of the Tariff Act of 1922, as grapes preserved in their own juice. In this court it is urged by the Government that the importation is fruits prepared or preserved, and it is argued that the use of the sulphureous-acid gas was a preservation within the meaning of the paragraph. The importer protested the classification of the collector and contended that the importation was grapes in barrels under paragraph 742. The Board of General Appraisers sustained the protest and the Government appealed to this court.

The competing paragraphs 742 and 749 of the Tariff Act of 1922 follow:

PAR. 742. Grapes in bulk, crates, barrels or other packages, 25 cents per cubic foot of such bulk or the capacity of the packages, according as imported; raisins, 2 cents per pound; other dried grapes, 2½ cents per pound; currants, Zante or other, 2 cents per pound.

PAR. 749. Fruits in their natural state, or in brine, pickled, dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for, and mixtures of two or more fruits, prepared or preserved, 35 per centum ad valorem: *Provided,* That all specific provisions of this title for fruits and berries prepared or preserved shall include fruits and berries preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices.

We note that paragraph 742 provides for "grapes in barrels," and paragraph 749 provides for "fruits." "Grapes" is more specific than "fruits." If the goods are in fact "grapes in barrels" and no more than grapes in barrels, they should be so classified, and if when they are taken out of the barrels they have not been changed from the condition in which they were when they were taken off the vine and put into the barrels, they certainly are nothing more nor less than grapes. Nothing more has been done to them and no more

change has come to them than if they had been placed in cold storage and preserved in that way, in a fresh state. *United States* v. *Conkey & Co.*, 12 Ct. Cust. Appls. 552.

In the *Conkey* case, *supra*, frozen meat was held not to be meat prepared or preserved.

The Government cites as supporting its contention *Moscahlades Bros.* v. *United States*, 13 Ct. Cust. Appls. 633, T. D. 41482; *United States* v. *Reiss & Brady*, 136 Fed. 741; and *Brennan* v. *United States*, 136 Fed. 743.

The *Moscahlades* case concerned ripe olives picked from the tree, put in a large vat with dry salt added, and left for a period of from three to four months. They were thus cured and afterwards washed clean, put into barrels, and dry salt added. They were so preserved as that they, in the condition imported, would keep for two years. They were held to be preserved. The difference between the treatment of the olives in that case and the treatment of the grapes in the case at bar, as well as the compelling force of this difference in classification, is so obvious as to require no comment.

In *United States* v. *Reiss & Brady*, *supra*, figs preserved in sugar or molasses, or in their own juice, were held to be fruits preserved, rather than figs, because they were commercially so regarded. Since the case turned upon the commercial meaning of the terms used, it can not be regarded as having any bearing upon the facts at hand.

In *Brennan* v. *United States*, *supra*, limes in brine were held not to be limes, owing to the fact that long-continued departmental practice had given to the *eo nomine* designation of limes a special and significant designation which did not embrace the goods in litigation. That case certainly can not be regarded as authority in support of either contention in this suit.

The recent case of *United States* v. *La Manna, Azema & Farnan et al.*, 14 Ct. Cust. Appls. 123, T. D. 41647, involving the proper classification of pearl onions, peeled, cut, and pickled, in bottles, is not contrary to the conclusion herein reached, but affirmatively supports the same. There the onions had been cut, peeled, and pickled, and placed in bottles. We held, as the board held before us under similar circumstances, that they were more than onions and that the use of the words "pound" and "bushel" in the onion paragraphs of the different tariff acts gave a suggestion of congressional intent.

In the case at bar, when the grapes are removed from the barrels and go into consumption, they are nothing more than grapes, and are not preserved or prepared within the meaning of paragraph 749. If it is contended that they are fruits in their natural state, it is sufficient to say that grapes in barrels is more specific, and that they fall directly within paragraph 742.

The judgment of the Board of General Appraisers is *affirmed*.