(C. D. 802)

Meyer & Lange *v.* United States

United States Customs Court, Third Division

(Decided August 14, 1943)

*Barnes, Richardson & Colburn; Strauss & Hedges* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh* and *Sybil Phillips,* special attorneys), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Cline, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on certain muscat peeled grapes in cans. The collector assessed duty at the rate of 35 per centum ad valorem under paragraph 752 of the Tariff Act of 1930 and the plaintiff claims that the proper rate is 25 cents per cubic foot under paragraph 742. The two provisions read as follows:

Par. 752. Fruits in their natural state, or in brine, pickled, dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for, and mixtures of two or more fruits, prepared or preserved, 35 per centum ad valorem; * * *.

Par. 742. Grapes in bulk, crates, barrels or other packages, 25 cents per cubic foot of such bulk or the capacity of the packages, according as imported; * * *.

At the trial samples were introduced in evidence and marked exhibits 1 and 2. Exhibit 1 consists of an empty can, and a bottle containing the grapes and the juice from the can which had been emptied into it. Exhibit 2 is a 15-ounce can of the merchandise in its imported condition. The parties stipulated that the merchandise is used in the United States in fruit cocktails and fruit salads and that grapes with the skins on are used in the same way.

The plaintiff claims that the issue in the instant case is governed by the well-settled principle of construction that, where a dutiable provision names an article without terms of limitation, all forms of

the article are included, unless a contrary legislative intent appears, citing *Nozaki Bros.* v. *United States*, 68 Treas. Dec. 1091, Abstract 32355; *Nozaki Bros. et al.* v. *United States*, 71 Treas. Dec. 790, T. D. 48974; *Neuman & Schwiers* v. *United States*, 4 Ct. Cust. Appls. 64, T. D. 33310; *Balfour, Guthrie & Co., Ltd.* v. *United States*, 5 Cust. Ct. 180, C. D. 397; *Quong Lee & Co. et al.* v. *United States*, 10 Cust. Ct. 23, C. D. 716, and cases cited therein.

In the *Nozaki Bros.* cases, *supra*, the merchandise consisted of peeled mandarin oranges, broken into segments and packed in sirup in cans. The court held them to be dutiable at 1 cent per pound as oranges under paragraph 743 of the Tariff Act of 1930 rather than as fruits, prepared or preserved, under paragraph 752.

In *Neuman & Schwiers* v. *United States*, *supra*, the merchandise consisted of hams which had been cooked, the bone removed, and the meat packed in cans. The court held that they were dutiable under the provision for "Hams" in paragraph 284 of the Tariff Act of 1909, rather than under the provision for meats, prepared or preserved, in paragraph 286.

The same principle was involved in *Balfour, Guthrie & Co.* v. *United States*, *supra*, and *Quong Lee & Co. et al.* v. *United States*, *supra*, in both of which cases other decisions were cited and discussed, including *Nootka Packing Co. et al.* v. *United States*, 22 C. C. P. A. (Customs) 464, T. D. 47464. In that case the appellate court reviewed numerous decisions involving the same principle and held that clam meat, washed and cut into small pieces, and then canned in brine, was dutiable under the provision for "clams, clam juice, or either in combination with other substances, packed in air-tight containers" under paragraph 721 of the Tariff Act of 1930 rather than free of duty under the provision for "shellfish, * * * prepared or preserved in any manner" in paragraph 1761.

Another case which is particularly applicable to the question herein involved is *Rietmann Pilcer Co.* v. *United States*, 14 Ct. Cust. Appls. 150, T. D. 41676. That case involved grapes imported in barrels which were sealed and filled with sulphurous-acid gas. This gas kept the grapes in their natural state for about a year, or as long as the gas remained in the barrels. The court held that the grapes were dutiable at 25 cents per cubic foot under the provision for "grapes in bulk, crates, barrels or other packages" in paragraph 742 of the Tariff Act of 1922, rather than under the provision for "fruits in their natural state, or in brine, pickled, dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for" in paragraph 749. The barrels in that case contained about 1½ gallons of juice which came out of the grapes and the Government contended that, if the language of the first part of the paragraph did not cover the goods,

the language of the proviso insured classification thereunder. That provision reads as follows:

*Provided,* That all specific provisions of this title for fruits and berries prepared or preserved shall include fruits and berries preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices.

The provisions of law now before the court are identical with those construed in the *Rietmann Pilcer Co.* case, *supra,* except that the above-quoted proviso was not reenacted. When the Tariff Act of 1930 was under consideration by Congress, that decision was called to its attention in a pamphlet entitled "Memorandum of Court Decisions affecting the Tariff Act of 1922," in which there is a suggestion on page 32 that, if the decision is not in accordance with the Congressional intent, paragraph 742 should be amended, but the Congress reenacted that paragraph without change, except as noted above.

Counsel for the defendant contends that the provision for "grapes in bulk, crates, barrels or other packages" is not an *eo nomine* provision providing for all grapes and that such provision does not have the same force and effect as the provision for "oranges" considered in the *Nozaki Bros.* case, *supra.* We cannot agree with that contention, inasmuch as Congress has specified grapes in bulk or in any of the packages in which the same may be imported.

The defendant contends further that the tin cans in which the grapes were imported are not *ejusdem generis* with the crates and barrels specified in the statute, citing *United States* v. *Kelley Hardware Co.,* 12 Ct. Cust. Appls. 204, T. D. 40182; *United States* v. *Strohmeyer & Arpe Co., Transatlantic Importing Co.,* 72 Treas. Dec. 569, T. D. 49242; *R. M. Kelley* v. *United States,* 10 Treas. Dec. 381, G. A. 6166, T. D. 26769; *John R. Fulton & Co.* v. *United States,* 3 Treas. Dec. 672, G. A. 4743, T. D. 22414. We have examined those decisions and fail to find that they are applicable to the issue involved in this case.

In the case of *La Manna, Azema & Farnan* v. *United States,* 12 Treas. Dec. 443, T. D. 27681, G. A. 6469, the merchandise before the court was olive oil in 5-gallon tin cans which had been classified by the collector under the provision for olive oil "in bottles, jars, tins, or similar packages" in paragraph 40 of the Tariff Act of 1897. The court held that the olive oil was not dutiable under paragraph 40 because the 5-gallon cans were not packages similar to bottles, jars, or tins which are the size usually sold to consumers. That decision was affirmed on appeal to the United States Circuit Court for the Southern District of New York and to the Circuit Court of Appeals for the Second Circuit. *United States* v. *La Manna,* 154 Fed. 927, T. D. 28186; *United States* v. *La Manna,* 158 Fed. 1022, T. D. 28865.

The principle in that decision was followed in *P. Pastene & Co.* v. *United States*, 29 Treas. Dec. 814, T. D. 36034, G. A. 7836, wherein beans in cans of a capacity of 4 to 6 gallons were held not to be within the provision for beans "contained in tins, jars, bottles, or similar packages" in paragraph 199 of the Tariff Act of 1913. In the provisions under consideration in the above-cited cases, Congress recognized that small tins were packages.

In the instant case, paragraph 742 of the Tariff Act of 1930 provides for "grapes in bulk, crates, barrels or *other* packages." It does not say "similar packages," and, therefore, any package is contemplated. We find that the merchandise herein involved is grapes in packages and we hold that it is more specifically provided for under the provisions of paragraph 742 than under the provision for fruits, prepared or preserved, in paragraph 752. The protest is sustained. Judgment will be entered in favor of the plaintiff.