MURRAY BLOCK, TEMPORARY ADMINISTRATOR FOR ESTATE OF LOUIS S. FRYER *v.* UNITED STATES (No. 4818)[1]

———

[1] C. A. D. 596.

United States Court of Customs and Patent Appeals, July 1, 1955.

*Sharretts, Paley & Carter* (*Joseph F. Donohue* and *Howard C. Carter* of counsel) for appellant.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon* and *Richard M. Kozinn*, special attorneys, of counsel), for the United States.

[Oral argument April 6, 1955, by Mr. Carter and Mr. Kozinn]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, pursuant to its decision, C. D. 1594, overruling the protest of appellant and sustaining the action of the Collector of Customs in assessing duty on certain rayon yarn, singles, entered at the port of New York from Cuba.

Duty was assessed under the provisions of paragraph 1301 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, which reads:

Yarns of rayon or other synthetic textile:

\* \* \* \* \* \* \*

Weighing less than one hundred and fifty deniers per length of four hundred and fifty meters:
Singles, not specially provided for _____ 27½% ad val., but not less than 32½¢ per lb.

Appellant protested that assessment, claiming the merchandise properly dutiable under the following provisions of the same paragraph:

Weighing one hundred and fifty deniers or more per length of four hundred and fifty meters:
Singles, not specially provided for _____ 22½% ad val., but not less than 22½¢ per lb.

The importer contended below that the merchandise was dutiable on the basis of its weight as established by commercial usage,

rather than on its actual weight as provided by the language of the involved paragraph.

The Customs Court was of the opinion the importer's evidence clearly supported its position in regard to comercial usage and meaning, but held that since the statute itself was so clear and unambiguous, resort to such means of statutory construction was not necessary.

None of the facts are in dispute. Exhibit 2 is a customs laboratory report and contains the following:

Five tests of the sample show it to be a 145 denier viscose rayon yarn.

*** that the facts contained therein are correct and that the formula used in arriving at the figure of 145 deniers in Exhibit 2 is the formula used by the American Society For Testing Materials and the United States Testing Company and that this formula is the standard formula used by the trade in ascertaining denier weight.

Counsel also agree

* * * that the rayon upon which the tests were made and which is reported in Plaintiff's Exhibit 2 was obtained and conditioned in the following manner:

(1) The first 500 meters were measured off and cut from the cone, examined, and discarded.

(2) Then 450 meters were measured and reeled off and placed in a conditioning room.

(3) Then an additional 250 meters were reeled off and discarded.

(4) Then 450 meters were measured and reeled off and placed in a conditioning room.

(5) This procedure was repeated until 5 skeins of 450 meter lengths were obtained and conditioned.

(6) The 5 skeins which were placed in the conditioning room were kept in such room for at least 6 hours, which room was kept at a relative humidity of 65 per centum and a temperature of 70 degrees Fahrenheit.

(7) The yarn which was then in a relaxed condition was weighed and weighed 145 deniers per length of 450 meters.

Here appellant alleges error below and renews its original contentions, citing numerous decisions of this and other courts in support thereof.

We have carefully reviewed the record in light of those authorities, but do not find them contrary to the decision and judgment of the Customs Court.

One of the cases relied upon by the Customs Court is *Vandegrift & Co.* v. *United States*, 3 Ct. Cust. Appls. 176, T. D. 32462, which has also been relied upon in numerous decisions of this court.[1] Involved was wine with an alcoholic content in excess of 14 per centum, but by only a minute percentage. It was contended that the line of demarcation should be determined by commercial usage rather than by actual analysis. With respect thereto the court stated:

[1] *United States* v. *Sprague, Warner et al.*, 4 Ct. Cust. Appls. 358, T. D. 33532; *United States* v. *Younglove Grocery Co.*, 5 Ct. Cust. Appls. 377, T. D. 34873; *United States* v. *Mallinckrodt Chemical Works*, 9 Ct. Cust. Appls. 252, T. D. 38208; *Corporacion Argentina de Productores de Carnes* v. *United States*, 32 C. C. P. A. (Customs) 175, C. A. D. 304; and *United States* v. *Westco Liquor Products Co.*, 38 C. C. P. A. (Customs) 101, C. A. D. 446.

The testimony further shows that the human equation, so-called, would not amount to more than a variation of one one-hundredth of two one-hundredths of 1 per cent, so that the maxim *de minimis non curat lex* can not be applied to this case. We have a case in which there is an ascertainable excess over 14 per cent of absolute alcohol.

The only question, therefore, becomes one of law, which is whether, in view of the plain provisions of this statute, the court may treat the line of demarcation as something other or different than one ascertainable under such regulations as the Secretary of the Treasury may prescribe. We think the case is one where rules of construction need scarcely be stated or resorted to. The statute is so plain and clear in its provisions that it may be said that there is no room for construction. The line of demarcation is between wines containing 14 per cent or less of absolute alcohol and those containing more than 14 per cent of absolute alcohol. Clearly any wine that contains alcohol in quantities perceptible and ascertainable above 14 per cent comes within the classification which fixes the higher rate of duty. * * *

The case is in all substantial respects analogous to that of United States *v.* Lueder (154 Fed. Rep., 1; T. D. 27918).

This is not a case in which there was room for the application of the rule giving force to commercial usage. This question was discussed in the *Bartram* case (131 Fed. Rep., 833), where a similar contention was made, but the contention was overruled on reasoning which commends itself to the court. See also Newman *v.* Arthur (109 U. S., 132); American Sugar Refining Co. *v.* United States, 1 Ct. Cust. Appls. 228; T. D. 31273.

Following the doctrine laid down in that case, the Customs Court stated that the line of demarcation here is between yarns of rayon weighing 150 denier or more by length of 450 meters, and those yarns of rayon weighing less than 150 denier per length of 450 meters. It is agreed that the instant merchandise is less than 150 denier per length of 450 meters by actual weight, and more particularly stipulated to weigh "145 denier per length of 450 meters." Under such facts and the authorities cited, the Customs Court properly sustained the collector.

We have carefully considered appellant's arguments supporting its efforts to attach ambiguity to the term "denier." In our opinion, however, they are more than offset by the definition found in Webster's New International Dictionary, 1955,[2] as well as the testimony of appellant's witnesses that "denier is the weight in grams of 9,000 meters of length."

In our review of the record, we have examined the decisions appellant alleges to be controlling. We think, however, those decisions received full consideration by the Customs Court and were correctly distinguished.

The decision appealed from is *affirmed.*

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.

---

[2] A unit expressing the fineness of silk, rayon or nylon yarns in terms of weights in grams per 9,000 meters of length; thus, 100-denier yarn is finer than 150-denier yarn.