UNITED STATES *v.* STROHMEYER & ARPE Co. (No. 1466).[1]

MODELING CLAY, TARIFF ACT OF 1913.

The merchandise here, being as stipulated, does not fall within the terms of paragraph 81, tariff act of 1913, but manufactured and composed as it is of earthy or mineral substances and a substance which is neither earthy nor mineral, namely, saponifiable matter in percentage 31.12, it is dutiable as an unenumerated manufactured article under paragraph 385 of the act.

United States Court of Customs Appeals, May 21, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36458 (T. D. 34763).
[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 81 of the tariff act of October 3, 1913, so far as material to the issues here, provides as follows:

81. Earthy or mineral substances wholly or partially manufactured and articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, whether susceptible of decoration or not, if not decorated in any manner, twenty per centum ad valorem; if decorated, twenty-five per centum ad valorem; * * *.

Excepting the words in the first part of the paragraph, "earthy or mineral substances wholly or partially manufactured and," this paragraph is identical for the purposes of this case with paragraph 95 of the tariff act of August 5, 1909.

The merchandise here is called modeling clay. No evidence was offered before the Board of General Appraisers by either party as to its component material, but it was agreed of record that the merchandise is the same as that in Bancel *v.* United States (176 Fed., 132). We

---

[1] Reported in T. D. 35473 (28 Treas. Dec., 942).

therefore turn to that case for its description.  There it was modeling clay composed of 60.36 per cent sulphur, 31.12 per cent of fatty anhydrides, with a small amount (not stated) of each of the following ingredients: Unsaponifiable oil, zinc oxide. combined, zinc oxide free, insoluble siliceous matter and color.

It is said in effect in each brief that the merchandise is also like that under consideration by this court in United States *v.* Embossing Co. (3 Ct. Cust. Appls., 220; T. D. 32536). In that case, as shown by the opinion of this court, the merchandise was composed of sulphur, saponifiable oil, unsaponifiable matter, calcium sulphate, alumina, and a trace of zinc; one sample also contained oxide of iron.  The respective proportions of each of these ingredients did not appear. The most precise description of the merchandise now before us, however, assuming that it is similar to that involved in the Embossing Co. case, must nevertheless be found in the Bancel case.

In each of the foregoing cases the merchandise was held dutiable as an unenumerated manufacture.  In the Embossing Co.'s case it was also held that this modeling clay was not "articles" or "wares" within the contemplation of paragraph 95 of the act of 1909.

In the case at bar the merchandise was assessed under paragraph 81, above quoted.  The importers protested, claiming that this clay was an unmanufactured or manufactured article under paragraph 385 of the same act, which it is unnecessary to quote.  The board sustained the protest that it was dutiable as an unenumerated manufactured article, and the Government appeals.

We think, as did the board and as is contended by the Government, that the probable effect of the addition of the words "earthy or mineral substances wholly or partially manufactured and" which appears, as already mentioned, to differentiate paragraph 81 of the act of 1913 from paragraph 95 of the act of 1909, would result in the classification of this merchandise thereunder if it were shown to be composed of earthy or mineral substances.  While the assessment of the collector under paragraph 81 of necessity warrants the inference that it is so composed, the Government nevertheless has seen fit to stipulate that the merchandise is the same as that involved in the Bancel case.

By this stipulation the Government concedes that the modeling clay contains 31.12 per cent of fatty anhydrides, which substance we understand is not, and which is not in fact claimed to be, either of earthy or mineral origin.  Indeed, the return of the appraiser in the case now before us, in which it is stated that saponifiable oil is one of the component materials of the merchandise, tends to sustain the view that this modeling clay is not composed of earthy or mineral substances except in part, because the authorities generally do not regard mineral oils as saponifiable.

Restated, then, the question resolves to this: Paragraph 81 relates to earthy or mineral substances wholly or partially manufactured and articles and wares composed wholly or in chief value of such substances, while the merchandise before us is not an article or ware under that paragraph, but is composed of earthy or mineral substances and a substance which is neither earthy nor mineral, namely, saponifiable matter, the percentage of which seems to be some 31.12. It is also, we think, manufactured.

Under this state of facts and the law it must be held that this modeling clay, composed as shown in this case, is dutiable as an unenumerated manufactured article under paragraph 385, as held by the Board of General Appraisers, and its judgment is therefore *affirmed*.