UNITED STATES v. KELLEY HARDWARE Co. (No. 2355).[1]

1. CONSTRUCTION, PARAGRAPH 1402, TARIFF ACT OF 1922—CURLING STONES.
   Curling stones are not ejusdem generis with the balls, bats, and other paraphernalia for playing games named in paragraph 1402, tariff act of 1922, and are therefore not classifiable thereunder.

2. REHEARING—DISCRETION OF BOARD TO GRANT.
   With no evidence to show the relative values of the stone and other parts, it was not an abuse of discretion for the Board of United States General Appraisers to deny an application for rehearing, claiming that curling stones are dutiable as earthy or mineral substances or in chief value thereof, under paragraph 214, tariff act of 1922.

[1] T. D. 40182.

3. CURLING STONES—PRESUMPTION FAVORS BOARD.
    Curling stones, not being classifiable, as assessed, with the balls, bats, and other equipment for playing games named in paragraph 1402, and not being shown to be otherwise classifiable, the decision of the board sustaining a protest claiming them to be nonenumerated manufactures under paragraph 1459 is affirmed.

United States Court of Customs Appeals, May 5, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8706 (T. D. 39883).

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Abraham Goodman* and *John A. Kemp,* special attorneys, of counsel), for the United States.
    No appearance for appellee.

[Oral argument April 10, 1924, by Mr. Goodman.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

HATFIELD, Associate Judge, delivered the opinion of the court:

The merchandise the subject of this appeal consists of curling stones. They are described in the record as being approximately 14 inches in diameter, 8 inches high, and of an average weight of about 40 pounds each. They are made of a special or exceptional rock, which is found only on the north shore of Scotland, and the rock from which the curling stones are cut is taken from below sea level. The rock apparently possesses some unusual or peculiar quality which, when made up into curling stones, prevents their breaking readily, even when coming together with great force. It is this particular characteristic which makes the use of this rock desirable in the manufacture of the merchandise in question.

Handles are attached to the curling stones for convenience in their use in the playing of a game on the ice for exercise and recreation. The stones are hurled along and on the ice to a mark, sometimes called a tee. There are four players on a side, and the object of the player is to so hurl or slide his curling stone as to bring it to a stop in or on the mark.

The collector assessed the merchandise for duty under paragraph 1402 of the tariff act of 1922, the pertinent part of which reads as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing not specially provided for, 30 per centum ad valorem; * * *

In its protest against the assessment the importer claimed that the merchandise was dutiable under paragraph 1459 of the tariff act of

1922 as an unenumerated manufactured article.   Paragraph 1459 reads as follows:

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The Board of General Appraisers sustained the protest.   Later, the Government filed an application for a rehearing of the case before the Board of General Appraisers on the ground that the merchandise was dutiable under paragraph 214 of the act of 1922, which reads as follows:

PAR. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem; if decorated, 40 per centum ad valorem.

The Government contends that the merchandise is dutiable under the provisions of paragraph 1402, supra, for the reason that curling stones are used in games for sport or exercise, and are similar to the games which are played with the articles mentioned in that paragraph. That the merchandise "is specifically provided for as being within the classification of all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play," and that "the merchandise * * * is ejusdem generis with the articles specifically mentioned in paragraph 1402."

The Government further contends that if this merchandise is not dutiable under paragraph 1402, supra, it is dutiable as "earthy or mineral substances" under paragraph 214, supra.

The importer has not appeared in this court to present its views of the case, either by the filing of a brief or by oral argument.

We are unable to agree to the construction of paragraph 1402, supra, as contended for by the Government.

After the enumeration of certain articles by name, paragraph 1402 provides for "all other balls, * * * designed for use in physical exercise or in any indoor or outdoor game or sport, and used in conjunction therewith in exercise or play," * * *

Balls not designed for use in physical exercise, games, and sports, and equipment therefor, would not come within the provisions of the paragraph.   But all balls designed for use in physical exercise or in any game or sport, and all clubs, rackets, bats, or other equipment ordinarily used in conjunction with balls so designed would be dutiable under the paragraph in question.

The curling stones under consideration are not to be classed as balls nor are they to be classed as equipment to be used in games, adopting the language used by the board in its opinion, "in which

balls are designed to be used." We conclude, therefore, that curling stones are not ejusdem generis with the articles mentioned in the paragraph, and that the cases cited by the Government in its brief are not applicable to the case under consideration.

The evidence in the case is very meager, and undoubtedly was submitted to the Board of General Appraisers without consideration of the applicability of paragraph 214, supra. In any event, no evidence was submitted to the Board of General Appraisers directed to pertinent questions and issues requiring consideration in order to determine the applicability of paragraph 214, supra.

That part of the record known as the "summary of entered value, examination and appraisement" refers to the merchandise as consisting of curling stones and parts, while the invoice describes the merchandise as curling stones and handles, and includes in a more detailed description of the parts thereof the following: "White metal and vulcanite handles, white metal and vulcanite grip parts, white metal and ivorine grip parts, curling stone bolts, large washers," * * *.

It is apparent that the importation is in part composed of a substance or substances other than earthy or mineral substances, and therefore can not be said to be "earthy or mineral substances wholly or partly manufactured" within the meaning of the language as used in paragraph 214 supra.—United States *v.* Strohmeyer and Arpe Co. (6 Ct. Cust. Appls. 246; T. D. 35473).

We are unable to say that the merchandise is composed in chief value of earthy or mineral substances because there is no evidence in the record to support such a finding.

For the reasons as stated, we think the Board of General Appraisers committed no error in denying the application for a rehearing. For the same reasons the judgment of the Board of General Appraisers should be and accordingly is *affirmed.*