UNITED STATES v. IMPORT TOY & SPECIALTIES Co. (No. 2483)[1]

EVIDENCE, PRESUMPTION FAVORS COLLECTOR—TOY TENNIS RACKETS.
With no evidence to show that small, flimsily made articles in the shape of tennis rackets are used in tennis or in connection with any ball in exercise or in any outdoor or indoor game or sport, the protest against the collector's refusal to so classify them under paragraph 1402, Tariff Act of 1922, should have been overruled, and his classification of them as toys, under paragraph 1414, sustained.

United States Court of Customs Appeals, November 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8850 (T. D. 40391)

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument Oct. 9, 1925, by Mr. Carter and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:
The merchandise involved in this appeal consists of small fragile articles made in the form of tennis rackets. Exhibit I is a racket representative of the merchandise. It is loosely strung with thread. The oval hoop of wood is very light in weight and insecurely attached to a handle.

The merchandise was assessed for duty by the collector as toys under paragraph 1414 of the Tariff Act of 1922, which reads as follows:

PAR. 1414. Dolls, and parts of dolls, doll heads, toy marbles, of whatever materials composed, air rifles, toy balloons, toy books without reading matter other than letters, numerals, or descriptive words, bound or unbound, and parts thereof, garlands, festooning and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for, 70 per centum ad valorem.

The importer claimed in its protest that the imported articles were dutiable under paragraph 1402 of the Tariff Act of 1922, which reads as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

[1] T. D. 41179.

The Board of General Appraisers sustained the protest, Judge McClelland dissenting.

The action of the collector in classifying the merchandise as toys is presumed to be correct. On the trial in the court below it is incumbent upon the protestant to overcome this presumption by proper evidence.

The testimony of the only witness who appeared on the trial before the Board of General Appraisers, in so far as the same is pertinent to the issues, is as follows:

   \*      \*      \*      \*      \*      \*      \*

By Mr. Klingman:

Q. Do you know how articles like that are used?—A. Yes.

Q. In what way?—A. They are used in conjunction with the ball.

Q. What kind of a ball?—A. A rubber ball or a felt ball. Two children each take a racket and propel the ball from one to another.

By Mr. Lawrence:

Q. They are very fragile articles, aren't they?—A. This particular one is, because probably they are the cheapest type made.

Q. This you have introduced to represent all of those on the invoice?—A. The type; yes, sir.

Q. It is *just strung with a thread, isn't it?*—A. *Yes.*

Q. It could not be used in a real game of tennis, could it?—A. Not in a man's game, but in a boy's game.

Q. Do you think that you could drive a ball over the fence with that?—A. *They don't take a racket like this.*

Q. Have you seen this racket in use?—A. I have *probably* seen children on the street with it. There is no other way of using it except with a ball.

Q. Have you seen rackets of this sort in use?—A. I have seen my own boy use it.

Q. How did he use it?—A. With a ball.

Q. *Just to play with?*—A. Yes, sir. [Italics ours.]

The above testimony, together with Exhibit I, which is a sample of the importation, is all the evidence upon which a finding may be made that the classification of the merchandise by the collector is erroneous.

It will be noted that paragraph 1402, supra, provides for "\*  \*  \* baseballs, footballs, *tennis balls*, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in *physical exercise* or in any *indoor* or *outdoor game* or *sport*, and all clubs, *rackets*, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play. \*  \*  \*" (Italics ours.) Tennis balls, and rackets used in conjunction therewith, are specially provided for in this paragraph.

In the case of *United States* v. *Kelley Hardware Co.*, 12 Ct. Cust. Appls. 204, T. D. 40182, this court said:

After the enumeration of certain articles by name, paragraph 1402 provides for "all other balls, \*  \*  \* designed for use in physical exercise or in any indoor or outdoor game or sport, and used in conjunction therewith in exercise or play," \*  \*  \*.

Balls not designed for use in physical exercise, games, and sports, and equipment therefor, would not come within the provisions of the paragraph. But all balls designed for use in physical exercise or in any game or sport, and all clubs, rackets, bats, or other equipment ordinarily used in conjunction with balls so designed would be dutiable under the paragraph in question.

In the case of *Cruger's (Inc.)* v. *United States*, 12 Ct. Cust. Appls 516, T. D. 40730, this court said:

We are consequently of the opinion that the term "equipment" as used in paragraph 1402 means inanimate objects ordinarily used and needed or required for the safe, proper, and efficient taking of physical exercise with balls, and inanimate objects ordinarily used and needed or required for the safe, proper, and efficient playing of any indoor or outdoor ball game or sport.

Is there any evidence in the record that the rackets in question are used in conjunction with tennis balls in physical exercise or in any indoor or outdoor game or sport? We are unable to find any such evidence. The witness stated that articles like the merchandise in question were used in conjunction with "a rubber ball or a felt ball." It may be that tennis balls are made of either or both of such materials. It may also be true that balls not even remotely connected with the game of tennis are similarly constructed. It is true, that, on cross-examination, the witness stated that the rackets *could* be used in a game of tennis by boys. This was a mere expression of opinion which was later qualified to some extent by the following:

Q. Do you think that you could drive a ball over the fence with that?—A. They don't take a racket like this.

There is no evidence whatever that the imported articles are for use or are used in conjunction with tennis balls. Is there any evidence that they are used in conjunction with any ball in *exercise* or in any *indoor* or *outdoor game* or *sport*? In answer to this question the witness has the following to say:

Q. Have you seen this racket in use?—A. I have *probably* seen *children* on the street *with it*. There is no other way of using it except with a ball.

Q. Have you seen rackets of this sort in use?—A. I have seen my own boy use it.

Q. How did he use it?—A. With a ball.

Q. *Just to play with?*—A. Yes, sir. [Italics ours.]

We are unable to agree that the evidence in the case justifies a finding that the merchandise under consideration is for use or is used in physical exercise or in any indoor or outdoor game or sport.

We are of the opinion that the evidence is wholly insufficient to overcome the presumption of correctness attending the action of the collector in classifying the merchandise as "toys," and that the finding of the lower court is not sustained by the evidence.

The judgment is *reversed*.