UNITED STATES *v.* DULUTH Co. (No. 2626); UNITED STATES *v.* JAMISON BROS. Co. (No. 2627)[1]

1. PRACTICE AND PROCEDURE—EVIDENCE—STIPULATION—DURESS—UNDUE AD-
VANTAGE.

The broker who made the entry testified as to what was the component material of chief value, but denied that he was authorized by the importer, who was not represented by counsel, to agree to it. At the suggestion of Government counsel, he called importer over the telephone and then made the stipulation by authority thus obtained. There was no undue advantage, and the component material of chief value was fairly and fully shown.

2. CURLING STONES—BALLS—EARTHY OR MINERAL SUBSTANCES—PRESUMP-
TION FAVORS COLLECTOR.

Curling stones are not classifiable under·the provision of paragraph 1402,
Tariff Act of 1922, for "balls  *  *  *  for use in physical exercise or in any
indoor or outdoor game or sport," but are claimed and shown by the Govern-
ment to be classifiable as articles in chief value of earthy or mineral substances,
under paragraph 214. They are not, then, to be classified as unenumerated arti-
cles under paragraph 1459, as claimed by the importer. The collector's classi-
fication under paragraph 1402, though erroneous, must stand.

United States Court of Customs Appeals, March 13, 1926

APPEALS from Board of United States General Appraisers, Abstract 49242

[Reversed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General
(*Margaret M. Burnet,* special attorney, of counsel), for the United States.
No appearance *contra.*

[Oral argument January 22, 1926, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, consisting of curling stones, was assessed for duty
by the collector at the port of Duluth, Minn., at 30 per centum ad
valorem under paragraph 1402 of the Tariff Act of 1922, which reads
as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all
other balls, of whatever material composed, finished or unfinished, designed for
use in physical exercise or in any indoor or outdoor game or sport, and all clubs,
rackets, bats, or other equipment, such as is ordinarily used in conjunction there-
with in exercise or play, all the foregoing, not specially provided for, 30 per centum
ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

It was claimed in the protests of the importers that the merchandise
was properly dutiable at 20 per centum ad valorem as nonenumerated
manufactured articles under paragraph 1459 of the Tariff Act of 1922,
which reads as follows:

PAR. 1459. That there shall be levied, collected, and paid on the importation
of all raw or unmanufactured articles not enumerated or provided for, a duty of
10 per centum ad valorem, and on all articles manufactured, in whole or in part
not specially provided for, a duty of 20 per centum ad valorem.

It is claimed by the Government that the curling stones are properly
dutiable as articles composed in chief value of earthy or mineral
substances at 30 per centum ad valorem under paragraph 214 of the
Tariff Act of 1922, which reads as follows:

PAR. 214. Earthy or mineral substances wholly or partly manufactured and
articles, wares, and materials (crude or advanced in condition), composed wholly
or in chief value of earthy or mineral substances, not specially provided for,

whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem; if decorated, 40 per centum ad valorem.

On the trial before the Board of General Appraisers of the issues raised by the protests of the Duluth Co. the department manager of that company, M. C. Gerbert, testified in part as follows:

Q. You represent the Kelley Duluth Co.?—A. Yes, sir.

Q. In what capacity?—A. Department manager of the Kelley Duluth Co.

Q. Do you agree that the curling stones, the subject of these cases, are composed in chief value of stone, which is an earthy or mineral substance?—A. Yes.

The importer was not represented by counsel.

On the trial of the case in which the appellee, Jamieson Bros. Co., appeared as protestant, one V. W. Davis, appeared as a witness for the importer.

The record of the trial before the board reads as follows:

* * * Appearances: No appearance by counsel for the importer; P. St. George Bissell, Esq., special attorney, for the United States.

Mr. BISSELL. The assistant collector at my request called up Jamieson Brothers Co. yesterday, and it was then agreed that when the case came to trial to-day that we would agree that the curling stones in question were in chief value of earthy or mineral substance; that is, that the ring end that was of greater value in the condition in which it was placed than the handle; is that agreed to?

V. W. DAVIS, called as a witness on behalf of the importer, after having been duly sworn, testified as follows:

By Mr. BISSELL:

Q. What is your connection with Jamieson Brothers Co.?—A. I acted as their broker at the port of entry.

General Appraiser HOWELL. Are you authorized to agree to the statement that the counsel has just made?

WITNESS. I have not been authorized by Jamieson Brothers, but I am giving my opinion.

Mr. BISSELL. I will ask that the case be passed, and if you will be good enough to call them up and confirm that the articles in question are in chief value—are an earthy or mineral substance.

WITNESS. Yes.

General Appraiser HOWELL. When you have done that, let us know, Mr. Davis, so we can put it on the record. [Witness leaves court room.] [Witness returns to room.]

General Appraiser HOWELL. Mr. Davis left the room, and has returned and states he is authorized to enter into that stipulation. Case submitted.

The board sustained the protests in each case, and, in an opinion by Sullivan, G. A., concerning the evidence in the Jamieson Bros. Co. case, said:

By this scanty record it is sought to establish the component material of chief value in this article, and this is done by a conversation over the telephone with the importer, who was not represented by counsel. Nothing is disclosed to indicate that he knew the meaning or the significance of the admission the Government desired him to make. It is not at all compatible with justice for the great United States to pursue a method of obtaining from an importer the component material of chief value, or in other words, to obtain from the im-

porter over the telephone a significant admission which would destroy the very
intent of his protest without explanation of the significance of that admission.
We can not for a moment believe that this attempt or method of trying cases
where questions of relevancy are involved can or will be approved. Such methods
tend to bring the law into disrepute and odium.

In the Kelley Duluth Co. cases, the board also held that the
evidence was not sufficient to show that the merchandise was com-
posed in chief value of earthy or mineral substances.

The Government admits that the articles in question are not
dutiable under paragraph 1402, *supra*, but contends that, as they
are composed in chief value of earthy or mineral substances, they
are dutiable under paragraph 214, *supra*.

When the protests of the Kelley Duluth Co. came on for trial, the
department manager of the company appeared and testified that the
curling stones in question were composed in chief value of an earthy
or mineral substance. It is true, as stated in the board's opinion
that he contended that the merchandise was dutiable under para-
graph 1549, *supra*, as nonenumerated manufactured articles, but
this argument as to the law in the case can not be said to detract
from his testimony upon questions of fact before the court

On the trial of the Jamieson Bros. Co. case, the witness, V. W.
Davis, testified that he acted as broker for the appellee at the port
of entry. Moreover, he signed the protest in this case as agent for
the appellee.

We are unable to understand how the Government has taken any
undue advantage of the appellee in this case. We must assume that
the case was regularly assigned for trial and that the appellee was
duly notified of such assignment.

The appellee was entitled to be represented by counsel at the
trial. It evidently did not desire such representation. There is
nothing in the record to indicate that the appellee did not have a
fair trial, nor does it make any such complaint. Moreover, we
think counsel for the Government acted with propriety in securing
an admission of fact from the appellee. There surely was no one in
a better position to know the facts in question than the representa-
tive of the company which imported the merchandise. There is
nothing in the record or briefs to suggest that the witness who
appeared for the appellee was not fully authorized to represent it, or
that he misrepresented the facts.

We conclude, therefore, that the curling stones involved in these
appeals are articles composed in chief value of earthy or mineral
substances.

There being no evidence in the record to indicate that they are
decorated in any manner, we are of opinion that they are properly
dutiable under the provision for "articles * * * composed

wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not, if not decorated in any manner, 30 per centum ad valorem," contained in paragraph 214, *supra*.

In the case of *United States* v. *Kelley Hardware Co.*, 12 Ct. Cust. Appls. 204, T. D. 40182, this court held that curling stones were not provided for in paragraph 1402, *supra*, and, in the opinion in that case, we said that, as the curling stones there in question were composed in part of a substance or substances other than earthy or mineral substances, they could not be held to come within the first provision of paragraph 214, *supra*, for "Earthy or mineral substances wholly or partly manufactured." In support of this holding, we cited the case of *United States* v. *Strohmeyer & Arpe Co.*, 6 Ct. Cust. Appls. 246, T. D. 35473. As there was no evidence in that case as to the component material of chief value of the curling stones, they could not be held to come within the provision for "articles * * * composed wholly or in chief value of earthy or mineral substances not specially provided for," contained in paragraph 214, *supra*.

The evidence in this case being sufficient to establish that the imported articles are composed in chief value of earthy or mineral substances, and not being otherwise specially provided for, they are properly dutiable under the provisions of paragraph 214, *supra*. However, as there was no claim made in any of the protests that the imported merchandise was properly dutiable under that paragraph, we are unable to do more than reverse the judgment of the board, without approving the collector's classification.

The judgment is *reversed*.

SMITH, Judge, dissents.