UNITED STATES v. IMPERIAL WALL PAPER Co. (No. 2744)[1]

1. EVIDENCE—LEGAL CONCLUSION OF APPRAISER.

A statement in the appraiser's special report that the goods were "in the opinion of this office not flocks covered by paragraph 1105" is his legal conclusion and has no weight.

2. WOOL POWDER—FLOCKS—EJUSDEM GENERIS—NOSCITUR A SOCIIS.

Paragraph 1105, Tariff Act of 1922, provides for "flocks." Powdered wool is flock; and it makes no difference that it is used in making wall paper,

[1] T. D. 41886.

whereas the other wool products named in the paragraph are not. Rules *ejusdem generis* and *noscitur a sociis* have no application in a case like this, where the meaning is expressed, not in general terms, but by a specific designation with a definite meaning.

## United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, Abstract 50981

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Jerome G. Clifford,* special attorneys, of counsel), for the United States.
*Walden & Webster* (*Edward F. Jordan* of counsel) for appellee.

[Oral argument October 29, 1926, by Mr. Igstaedter and Mr. Jordan]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The appraiser, in his special report, states as follows:

The merchandise in question is described on the invoice as pontisse de laine poudre and was, on examination, found to be wool ground into powder, to be used in the making of wall paper, and in the opinion of this office, not flocks as covered by paragraph 1105. It was accordingly returned for duty as a manufacture of wool not specially provided for at 50% under paragraph 1119 of the act of 1922. Sample forwarded to the Board of G. A.

The importation was returned by the local appraiser as a manufacture of wool not specially provided for, and assessed for duty at 50 per centum ad valorem under the provisions of paragraph 1119 of the Tariff Act of 1922. The importer protested the classification and claimed it to be dutiable at 7½ cents per pound as "flocks," under paragraph 1105, which reads as follows:

Top waste, slubbing waste, roving waste, and ring waste, 31 cents per pound; garnetted waste, 24 cents per pound; noils, carbonized, 24 cents per pound; noils, not carbonized, 19 cents per pound; thread or yarn waste, and all other wool wastes not specially provided for, 16 cents per pound; shoddy, and wool extract, 16 cents per pound; mungo, woolen rags, and flocks, 7½ cents per pound. Wastes of the hair of the Angora goat, Cashmere goat, alpaca, and other like animals shall be dutiable at the rates provided for similar types of wool wastes.

In the trial below no evidence was introduced except the special report of the appraiser and the official sample. The court below sustained the claim of the importer and the Government appealed to this court and here makes the following contentions:

(1) That the evidence upon which the protest was submitted proves that the merchandise is not flocks as found by the board.

(2) That the importer failed to overcome the presumption of correctness that attaches to the action of the collector.

(3) That the application of the *ejusdem generis* rule excludes the present merchandise from the provision for "flocks."

(4) That the merchandise is in fact a manufacture of wool not specially provided for.

It will be observed that the appraiser's special report states that upon examination the merchandise was "found to be wool ground into powder to be used in the making of wall paper." This is a finding of fact. The further statement in the special report "and in the opinion of this office not flocks as covered by paragraph 1105," would seem to be in the nature of a conclusion of law and probably based upon the contention of the Government that, since the merchandise is used for the making of wall paper, it is not *ejusdem generis* with the class of goods referred to in paragraph 1105, which, for the most part, seem to be intimately connected with the manufacture of fabrics.

Flocks are defined by the various authorities examined as follows: Funk & Wagnalls New Standard Dictionary—

Flock: Finely ground wool, cloth, rags, felt, or vegetable fiber, used for coating wall-paper; wool-dust. See flock-powder and flock-paper.

Webster's New International Dictionary—

2. Woolen or cotton refuse, old rags, etc., reduced to a degree of fineness by machinery, and used for stuffing upholstered furniture.

3. Very fine sifted woolen refuse, especially that from shearing the nap of cloths, used as a coating for wall paper to give it a velvety or clothlike appearance

The Century Dictionary and Cyclopedia—

2. Finely powdered wool or cloth, used, when colored, for making flock-paper and also formerly as shoddy.

The other authorities examined are in substantial agreement with the above, and further state that "flocks" were formerly used extensively to give weight to cheap woolen fabrics, but that they are not, to any great extent, used for that purpose now.

The facts found by the appraising officer bring the merchandise within the dictionary definition of the word "flocks." His views as to the force and effect of any rule of construction, or other conclusion of law, carry no presumption of correctness. *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 161; *United States* v. *McGibbon & Co.*, 7 Ct. Cust. Appls. 290.

When specific or definite words are followed by general words, the latter, when the legislative intent is not otherwise indicated, is confined to things of the same kind as those mentioned specifically. This principle is known as the rule of *ejusdem generis*, and has been frequently applied in the construction of tariff language by this and other courts. *United States* v. *Kelley Hardware Co.*, 12 Ct. Cust. Appls. 204. We can not see how the rule of *ejusdem generis* affects this case where no general language is used which is claimed to cover the merchandise involved. Flocks is a specific term. It is probable

that the rule of *ejusdem generis* is confused with the somewhat similar rule of construction, *noscitur a sociis*. The latter rule was laid down by Lord Bacon and has the effect of declaring that the meaning of a word may be ascertained by reference to the meaning of words associated with it. *Noscitur a sociis* is frequently used in the same sense as *ejusdem generis* where general terms are used and the meaning or application of the general term is in doubt. *Arthur* v. *Moller*, 97 U. S. 365; *Neal* v. *Clark*, 95 U. S. 704. This rule in principle, if not by name, has frequently been applied by this and other courts in interpreting the meaning where doubt arose in construing tariff language.

It is argued, in this court, that a wall-paper material or a ground-up wool used in dressing wall paper is not of the same class of articles with which the word "flocks" is associated in paragraph 1105. We can not agree with this contention, but in view of the conclusions hereinafter reached it is unimportant.

The definitions of the word "flock," published before the passage of the Tariff Act of 1922, would indicate that when Congress used the word it knew that flocks were used for making wall paper as well as in connection with the manufacture of fabrics, and made no limitations or restrictions in connection with the use of the word.

As far as this case goes it makes no difference what flocks are used for as long as they are flocks. The future may develop other uses for flocks, and, notwithstanding this fact, they would still be flocks and covered by the specific provision of paragraph 1105. The doctrine of *noscitur a sociis*, while helpful and to be given consideration in proper cases in construing language, the meaning of which is in doubt, is not controlling as against other considerations more persuasive. In the case at bar it can not be given the effect of removing from the paragraph a plain term used, the meaning of which is not involved in doubt.

The importation is flocks and is properly dutiable at 7½ cents per pound under paragraph 1105, and the judgment of the Board of General Appraisers, now United States Customs Court, is *affirmed*.