UNITED STATES *v.* KIRKWOOD CO. (No. 2839)[1]

United States Court of Customs Appeals, April 4, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *Hugo P. Geisler,* special attorneys, of counsel), for the United States.

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellee.

---

[1] T. D. 42136.

[Oral argument March 18, 1927, by Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges·

BLAND, Judge, delivered the opinion of the court:

The decision of the United States Customs Court which, by this appeal, we are called upon to review, is as follows:

FISCHER, Associate Justice: The appraiser's report, which is the same in each protest, reads as follows:

The merchandise covered by this protest is invoiced as hydro-extractors. These hydro-extractors are of the centrifugal type. In fact, they are centrifugal machines of the same general character as those used for the separation of liquids from solids and also for the separation of molasses from sugar in the manufacture of refined sugar. They were returned for duty as "all other machines" at 30% under paragraph 372 in accordance with the department's instructions in its letter of October 11, 1923, #110476.

It is claimed in the protests that the merchandise is properly classifiable for duty under this provision in said paragraph 372 of the act of 1922:

* * * cream separators valued at more than $50 each, and other centrifugal machines for the separation of liquids or liquids and solids, not specially provided for, 25 per centum ad valorem; * * *

The single witness who appeared herein testified that he is only acquainted with the machines invoiced herein as "hydro-extractors"; that they are used in laundries "to wring out clothes, not exactly dry; to wring them out, to get the water out of the clothes after they have been washed," and that these extractors are operated on the centrifugal principle, the object being "merely to separate the water from the clothes which have been washed," and that such is their only purpose; that the water is removed, not by squeezing, but by centrifugal force, revolutions.

At page 514, volume 1, of Knight's American Mechanical Dictionary we find the following definition:

Centrifugal machine: A machine for drying yarn, cloth, clothes, sugar, etc., by centrifugal action. The fiber or other material is placed in a hollow cylinder with a reticulated periphery of wire gauze, and, being rotated at the rate of from 1,000 to 2,000 revolutions per minute, the water flies off by the centrifugal action and is collected by the inclosing cylinder, down which it trickles to a discharge pipe. It is also found useful in removing the must from the grape after crushing.

We think the present hydro-extractors fairly respond to the above definition of a centrifugal machine, and in the absence of commercial proof to the contrary we hold such extractors only where they are complete machines to be properly dutiable as herein claimed. Therefore as to such merchandise the protests are sustained; but as to all parts of said extractors imported as separate entities, and other merchandise, the protests are overruled.

In affirming the judgment of the court below we think but little need be added to the opinion of the court.

The Government, in this court, takes the position that the "hydro-extractors" should not be classified at 25 per centum ad valorem, under the first part of paragraph 372 as "other centrifugal machines," for the reason that a clothes wringer, although employing centrifugal force in its operation, is not such a centrifugal machine as Congress had in mind when it provided for "* * * other centrifugal

machines for the separation of liquids or liquids and solids" in the same sentence with "cream separators." In other words, the Government's contention is in substance that the hydro-extractors are not *ejusdem generis* with cream separators in so far as clothes are not the kind of solids Congress had in mind, and that a clothes wringer, as a centrifugal machine, will not do to liquids what a cream separator does to milk, "namely, separate the solids from the liquid in such a manner that both liquids and solids are reclaimed."

As far as this case is concerned, there is no ambiguity in paragraph 372, and, therefore, no room for construction.

The merchandise at hand is unquestionably a centrifugal machine. As we understand it, the rule of *ejusdem generis* does not require that "other centrifugal machines" have the same construction or accomplish the same results as "cream separators" in order that they receive the same classification. They should be of the same kind.

In a recent case by this court, *United States* v. *Imperial Wall Paper Co.*, 14 Ct. Cust. Appls. 280, T. D. 41886, this court said:

When specific or definite words are followed by general words, the latter, when the legislative intent is not otherwise indicated, is confined to things of the same kind as those mentioned specifically. This principle is known as the rule of ejusdem generis, and has been frequently applied in the construction of tariff language by this and other courts.

The hydro-extractor separates liquids from solids by the use of centrifugal force, and, as the trial court has well said, the merchandise responds to the dictionary definition of a centrifugal machine. We think it is properly dutiable along with cream separators in paragraph 372. It is not difficult to see that the merchandise at hand is, in many respects, different from cream separators, or, for that matter, different from certain other centrifugal machines which separate different kinds of liquids or liquids from solids. But if all fine distinctions and differences were to be noted in making classification of this character of goods, innumerable difficulties and perplexities would no doubt arise with the result that classifying officers would be led far afield.

The judgment of the United States Customs Court is *affirmed*.