UNITED STATES *v.* J. REID & Co., INC. (No. 3229)[1]

---

[1] T. D. 43675.

254

United States Court of Customs and Patents Appeals, November 4, 1929

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument October 16, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Steam separators for marine or other boilers in chief value of metal were entered at the port of New York. These were classified for duty by the collector as manufactures of metal not specially provided for, under paragraph 399 of the Tariff Act of 1922. The importer protested, claiming them to be dutiable as centrifugal machines, under paragraph 372 of said act. The court below sustained the protest, holding the goods to be centrifugal machines under said paragraph 372, and the Government has appealed.

The competing paragraphs are, so far as material, as follows:

PAR. 372. * * * other centrifugal machines for the separation of liquids or liquids and solids, not specially provided for, 25 per centum ad valorem; * * * all other machines or parts thereof, finished or unfinished, not specially provided for, 30 per centum ad valorem: * * *

PAR. 399. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The articles in question are devices designed to be set inside steam boilers to separate the moisture from the steam. They are so built that the steam, in passing through them, moves in a circular path, by means of which the drops of water are thrown to the outside of the devices, and are drawn off and separated from the steam. The

steam circulates by means of its own force. The devices are stationary when in use and are attached to the boilers.

We are of opinion the imported articles are not centrifugal machines. Webster thus defines the term:

c. machine, any machine acting by centrifugal force, or on the principle that a body moving in a curve tends constantly to depart from the curve at a tangent, as a centrifugal filter or a machine for separating substances of different. densities, as cream from milk, by rapid whirling.

Funk & Wagnalls New Standard Dictionary, 1925, also thus. defines it:

c. machine, an apparatus for extracting moisture from wet articles, as yarns, or for separating cream from milk, etc., by rotation in a rapidly whirling basket or case.

From these definitions it is plain that to constitute a centrifugal machine, the machine itself or some portion thereof must so move as to produce the desired results by centrifugal force. If the material to be operated upon moves by its own force, we can not conceive such a result to be produced by a centrifugal machine. In the case before us here, the device in question is, in our judgment, no more a centrifugal machine than the worm of a still would be. The case of *United States* v. *Kirkwood Co.*, 15 Ct. Cust. Appls. 32, T. D. 42136, while not directly in point, gives us some light on the question here involved. There are alternative claims that these separators are dutiable at 35 per centum or 30 per centum ad valorem under said paragraph 372. The only 35 per centum provision in the paragraph refers to textile machinery and parts thereof, which language does not include the articles before us. Under the 30 per centum provision, we assume, although it is not argued, that the importer refers to the provision for "all other machines or parts thereof."

The separators involved here can not, in our judgment, be included within the term "machines" as defined by this court in *Simon, Buhler & Baumann* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537: "A mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion." It is no more so than was the mash filter involved in the said *Simon, Buhler* case. Nor is there anything to show that it is a part of any such machine.

The judgment of the Customs Court is *reversed*.