(C. D. 1368)

X-ACTO CRESCENT PRODUCTS CO., INC.
X-ACTO CRESENT PRODUCTS CO., INC. } *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 7, 1951)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General (*Jerome Vale* and *Richard E. FitzGibbon,* special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The merchandise the subject of these protests consists of wooden boxes having hinged covers and internally arranged to hold small tools used by handicraft or hobby workers. The boxes were imported empty, the tools being placed therein after importation. Duty was assessed on the boxes at the rate of 25 per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for "manufactures of wood." They are claimed to be properly dutiable at the rate of 16⅔ per centum ad valorem under the provision in the same paragraph, as modified by the said agreement, for—

\* \* \* boxes, crates, fruit-picking trays, and similar containers, and shooks for making any such containers \* \* \*.

The facts as hereinbefore stated are not in dispute, the only question being whether the provision for "boxes," as above set forth, contemplates boxes such as those in issue. It is the position of the plaintiff that the term "boxes," as used in the said modification of paragraph 412, *supra,* is an unambiguous *eo nomine* designation which covers every variety of box, including those at bar. In support of the collector's classification, the defendant relies upon the doctrines of *ejusdem generis* and *noscitur a sociis.*

There is no dispute, and, indeed, it is conceded that the articles at bar are wooden boxes. They are, therefore, encompassed by the tariff term "boxes," as found in the provision under which plaintiff claims, unless a more specific or narrower designation can be found in the tariff law, or a contrary legislative intent can be shown. The defendant does not urge that any other tariff designation is more specific, but cites the above-named rules of statutory construction and their application to the language of the provision, as modified, as manifesting an intent on the part of the negotiators of the agreement to limit the term "boxes" to those similar to crates and fruit-picking trays.

We are of the opinion that counsel for the defendant has misapprehended the scope and application of the rule of *ejusdem generis*. In the brief filed on behalf of the defendant, counsel has stated the rule as follows:

* * * The doctrine briefly stated is that the classification of unnamed articles may depend upon named articles of the same class and kind.

Crawford, in "The Construction of Statutes" (1940), at page 326, gives the rule as follows:

§ 191. Ejusdem Generis.—Where general words follow the designation of particular things, or classes of persons or subjects, the general words will usually be construed to include only those persons or things of the same class or general nature as those specifically enumerated.

The particular things or classes of things which are designated in the provision here in question are "boxes, crates [and], fruit-picking trays" and the general words are "similar containers." The rule might have some application in a proper case to a determination of the meaning of the words "similar containers," but it has no application to a determination of the word "boxes."

Also cited by the defendant is the doctrine of *noscitur a sociis*, and of this rule Crawford says (*op. cit.* p. 325):

§ 190. Noscitur a Sociis (Associated Words).—In order to ascertain the meaning of any word or phrase that is ambiguous or susceptible to more than one meaning, the court may properly resort to the other words with which the ambiguous word is associated in the statute.

It is to be observed that *before* the rule may be applied, the word or phrase (whose meaning is to be determined by the use of the rule) must be found to be ambiguous or susceptible to more than one meaning. But here such is not the case. The term "boxes" has a well-understood signification, and includes boxes such as those before us. It is only if the term "boxes" is read in association with the words which follow it that a doubt may arise as to whether it was used in the tariff provision in a limited sense—but if this is done the *noscitur* rule would be used to *create* the doubt or ambiguity, and this is not the function of the rule.

In a case involving a situation not unlike that before us, an excellent statement of the rule was given by the late Presiding Judge Graham of the United States Court of Customs and Patent Appeals. In *United States* v. *R. F. Downing & Co.*, 17 C. C. P. A. 194, T. D. 43645, the question was whether or not jewelers' tweezers were dutiable under the provision in paragraph 354 of the Tariff Act of 1922 for "* * * cuticle knives, corn knives, nail files, tweezers, hand forceps," etc. It was urged that under the doctrine of *noscitur a sociis*, the tweezers mentioned in the said paragraph must be limited to tweezers such as were used for manicuring or pedicuring purposes, and on this issue the court, speaking through Presiding Judge Graham, there said:

The rule of *noscitur a sociis*, it is known by its associates, is a rule of construction to be applied where there is doubt and ambiguity concerning the meaning of a word or expression used by the legislative body in enacting a statute. It can not be invoked where there is no doubt as to the meaning of the word or term used. *United States* v. *Imperial Wall Paper Co.*, 14 Ct. Cust. Appls. 280–283, T. D. 41886. This is equally true with the rule of *ejusdem generis*, which is sometimes confused with the *noscitur* rule. *United States* v. *Lilly & Co.*, 14 Ct. Cust. Appls. 332–340, T. D. 41970. An illuminating discussion of the rule of *noscitur a sociis* is found in *Brown* v. *Chicago*, etc., 78 N. W. 771, 102 Wis. 137, where Marshall, Judge, says:

> The maxim "Noscitur a sociis" is not a rule of interpretation by which the meaning of one word or designation, or that of several such, used in close connection, governs in determining the meaning of other words or designations used in the same connection. You may know a person by the company he keeps. You may know the meaning of a term by its associates—what precedes and what follows it. When? Not in every case; but when not apparent from the language itself. It is a rule of construction to be resorted to where there is use for construction, not otherwise.

This being the law, what need have we here to call upon the rule of *noscitur* to aid in our construction of the meaning of the term "tweezers" used by Congress? The language is plain and unambiguous. Webster's New International Dictionary (1925) thus defines the word:

> 1. A small pincerlike implement for grasping or extracting.

The language being thus plain and unambiguous, we are not permitted to limit its meaning by a sort of judicial legislation; we would only be justified in restricting the term to tweezers used for manicuring or pedicuring purposes by a showing that, irrespective of the language used, the congressional intent was to so limit it. No such showing has been made here.

     \*      \*      \*      \*      \*      \*      \*

There might be room for the application of the doctrine of *noscitur a sociis* if some of the other articles specifically named in this statute were in question; as, for example, "corn knives" or "nail files." These expressions are capable of two meanings, and they are therefore ambiguous and uncertain. The court might well hold that the *noscitur* rule would apply in such cases and that the articles were to be restricted to knives and files used in manicuring or pedicuring. \* \* \*

Judgment will therefore issue sustaining the claim in each of the protests for duty at the rate of 16⅔ per centum ad valorem under paragraph 412, as modified, *supra*.