(C. D. 1687)

R. C. WILLIAMS & CO., INC. *v.* UNITED STATES

▬▬▬▬▬

▬▬▬

▬▬▬▬▬

United States Customs Court, Third Division

(Decided March 17, 1955)

Barnes, Richardson & Colburn (E. Thomas Honey and James F. Donnelly of counsel) for the plaintiff.

Warren E. Burger, Assistant Attorney General (Dorothy C. Bennett, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: Plaintiff in this case imported 2,400 earthenware beer steins, filled with prepared mustard. Entry was made as entireties at the unit invoice price of $50 per 100 steins of mustard, the steins being treated by the importer as usual containers. The collector considered the steins unusual containers and, acting under the provisions of section 504 of the Tariff Act of 1930, assessed duty on the mustard and steins separately, the mustard being assessed at the rate of 5 cents per pound under paragraph 781 of said act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the the steins at 10 cents per dozen pieces and 50 per centum ad valorem under paragraph 211 of the Tariff Act of 1930.

Said section 504 is in the following language:

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

Plaintiff apparently does not dispute the finding of the collector that the steins are unusual containers for mustard but contends that, if a value exists for the steins, such value as found by the appraiser is

in excess of their true value on the date of exportation and that, the value having been advanced, written notice of appraisement should have been given under the provisions of section 501 of the Tariff Act of 1930, as amended.

Said section 501, insofar as pertinent, is quoted as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

It is contended in the brief filed on behalf of the plaintiff that the appraiser's finding of value for the steins resulted in a change in the classification, by reason of which a written notice of appraisement should have been given under the terms of section 501, *supra.* Further, the protest claims that the appraised value of 23.8 cents per stein is excessive and calls attention to the notation on a sheet attached to the invoice which gives the *price* per hundred units for the steins as $11.95.

The Government contends that neither of the conditions enumerated in said section 501, requiring written notice of appraisement, existed, i. e., there was no advance by the appraiser over the entered value, and the change in classification did not result from the appraiser's finding of value, but because of the appraiser's description of the steins as "unusual containers," in conformity with the terms of section 500 (a) (4) of said tariff act. Said section 500 (a), insofar as pertinent, is as follows:

SEC. 500. DUTIES OF APPRAISING OFFICERS.

(a) APPRAISER.—It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold * * *.

*	*	*	*	*	*	*

(4) To describe the merchandise in order that the collector may determine the dutiable classification thereof; and

(5) To report his decisions to the collector.

We can find no support in the record or the decisions for plaintiff's contention that the appraiser's action in reporting the description of the merchandise to the collector constituted an advance in value.

An examination of the invoice and entry fails to support plaintiff's claim that there was an advance in value. The merchandise was

invoiced as entireties at $50 per 100, making a total value of $1,200 for the 2,400 steins, filled with mustard, at which value entry was made. The collector, in assessment, followed the appraiser's description of the merchandise as consisting of decorated earthenware steins, containing prepared mustard, the steins being appraised as unusual containers, valued at $0.238 each, net, which was noted as included in the invoice value. On liquidation, duty was assessed under the terms of paragraph 781 of the Tariff Act of 1930 at the rate of 5 cents per pound on the weight of the mustard as given in the entry, viz, 675 pounds. The steins, being unusual coverings, were assessed at the rate of 10 cents per dozen pieces, plus 50 per centum ad valorem, under paragraph 211 of the same act as decorated earthenware.

In the case of *R. H. Macy & Co., Inc.* v. *United States*, 69 Treas. Dec. 1423, Reap. Dec. 3812, the court had before it the question of what constituted an advance in value by the appraiser on an importation of honey in earthenware pots. The merchandise was invoiced at a lump sum, and the appraiser segregated the value of the pots and the honey on the invoice. The collector considered this an advance in value and notified the importer to that effect. This court held that this separation of values did not constitute an advance over the entered value and that the collector was in error in furnishing notice of appraisement. In so holding, the court used the following language:

It is noted that the total value of the honey including, of course, the containers thereof is sterling 14/1/6, and that upon the entry the cost allotted to the containers was noted as sterling 1/17/5 and the honey as sterling 12/4/1. The appraiser allotted sterling 6/17/6 to the containers and sterling 7/4/0 to the honey. The collector has construed this action as an advance in the value of the containers, when, as a matter of fact, no advance was made or intended, there merely being a separation of the two factors entering into the cost of the imported honey. Section 402, act of 1930, defines the value of imported merchandise as the price including the cost of all containers. Section 504 provides that, if the containers are unusual, additional duties shall be levied thereon at the rate to which the same would be subjected if separately imported. There is nothing in the statute to warrant the collector, in a situation such as is herein presented, to treat that part of the cost of the honey imported allotted by the appraiser to the containers as an advance in value of the jars in question in the same manner as though they had been separately imported. Section 504 relates to the duty assessment only, and such cost of unusual containers noted by the appraiser merely informed the collector of the value thereof in order that the separate duty assessment could be made.

* * * It having been found that there was no advance in value made by the appraiser, and that the notice of appraisement advising of an advance in value was in error, Government's motion to dismiss is hereby granted.

Under the authority of the above decision, it is, therefore, plain that there was no advance over the entered unit value in the instant case; therefore, the collector was not required under the statute to furnish notice of appraisement under the first clause of section 501, *supra*.

Plaintiff further contends that such notice was required under the second clause in said section 501, viz, that a change in classification resulted "from the appraiser's determination of value." We find no support for this claim in the record. The change in classification of a portion of the merchandise from usual containers to unusual containers was not the result of the appraiser's finding of value. On the contrary, his finding of value resulted from his description of the goods, which description was adopted by the collector in his assessment of duty. As stated above, the appraiser made no advance in value over the entered value but reported separate values for the mustard and the containers in his description of the merchandise under section 500 (a) (4), *supra*. Inasmuch as the importer, on entry, made no segregation but entered the goods as entireties, and the appraiser accepted the entered value, as shown by the check mark in the appropriate column of the summary sheet, merely allotting separate values to the mustard and the steins, no advance in value exists. The change in the classification of the merchandise from entireties to mustard and steins resulted from the appraiser's description, which the collector was not bound to accept. *National Hat Pin Co.* v. *United States*, 5 Ct. Cust. Appls. 435, T. D. 34971; *United States* v. *McGibbon*, 7 Ct. Cust. Appls. 290, T. D. 36803; *United States* v. *Imperial Wall Paper Co.*, 14 Ct. Cust. Appls. 280, T. D. 41886; and *Idaho and Washington Northern Railway* v. *United States*, 18 Treas. Dec. 34, T. D. 29921, G. A. 6924.

In *Bonwit Teller & Co.* v. *United States*, 19 C. C. P. A. (Customs) 348, T. D. 45500, the court discussed the appraiser's duty to describe the merchandise in the following language:

Section 500 of the Tariff Act of 1922 makes it the duty of the appraiser, "under such rules and regulations as the Secretary of the Treasury may prescribe," among other things—

(4) To describe the merchandise in order that the collector may determine the dutiable classification thereof; and

(5) To report his decisions to the collector.

Those are the only duties expressly prescribed by the statute for the appraiser to perform which are in any wise pertinent to any issue of this suit.

Notwithstanding the statutory duty thus imposed upon the appraiser of describing the merchandise, actual classification and assessment of duty are the legal functions of the collector. These acts are his decisions and to them attaches the legal presumption of correctness. This is elemental in customs law and requires no citation of authorities.

The provisions of the act of 1930 quoted, *supra*, section 500 (1), (4), and (5), carry identical language to that above quoted from the act of 1922, and the duties of the appraiser and collector in this respect remain the same under the present statute.

In the instant case, the increased duties arose not because of the "appraiser's determination of value," but because the collector clas-

sified the steins as unusual containers, dutiable separately under paragraph 211 of the tariff act. Plaintiff does not dispute this classification.

For the reasons above set forth, no notice of appraisement was required under section 501, *supra*.

Plaintiff's claims are, therefore, overruled. Judgment will be rendered accordingly.