(C.D. 3874)

FIBROUS GLASS PRODUCTS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 28, 1969)

*Siegel, Mandell & Davidson* (*Joseph Solte Kaplan* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Velta A. Melnbrencis*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: This protest was submitted to the court for decision upon a stipulation which reads:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

1. That the merchandise before the Court consists of certain fiber glass mats, composed of glass fibers and synthetic resin, which are in chief value of glass.

2. That said merchandise was entered under Entry 1577A of November 13, 1962, through the Port of Pembina, North Dakota, and, in liquidation, under date of January 18, 1963, duty was assessed thereon at 21 cents per pound and 17 per centum ad valorem, under the provisions of paragraph 1539(b), Tariff Act of 1930, as modified by T.D. 54108, as manufactures wholly or in chief value of a product of which any synthetic resin or resin-like substance is the chief binding agent.

3. That no protest was filed within 60 days after liquidation of said entry.

4. That on November 4, 1963, a request for relief under Section 520(c)(1), on the ground of mistake of fact, was received by the Collector of Customs at Noyes, Minnesota; on November 3, 1965, this request was refused.

5. On December 7, 1965, a protest against the refusal of the Collector to grant relief under Section 520(c)(1), was filed. Said protest claims that the merchandise is properly classifiable under paragraph 230(d), Tariff Act of 1930, as modified by T.D. 54108.

6. The method of production of the glass fiber mats is [sic] issue is similar in all material respects to the method of production of the particle board the subject of *United States (Index Industrial Corp., (Party in Interest))* v. *National Starch Products, Inc.*, C.A.D. 809, decided on December 12, 1962. The petition for Writ of Certiorari from said decision was denied on May 20, 1963.

7. The Government now agrees, upon the basis of the decision in C.A.D. 809, that the fiber glass mats in issue are not manufactures wholly or in chief value of a product of which any synthetic resin or resin-like substance is the chief binding agent.

8. Plaintiff contends that the error affording a basis for relief under Section 520(c)(1) is the Collector's classification of said mats as maufactures wholly or in chief value of a product of which a synthetic resin is the chief binding agent under paragraph 1539(b), *supra*.

9. Defendant contends that the Collector's classification herein did not constitute a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law within the meaning of Section 520(c)(1), but was an error in the construction of law.

10. That the entry papers be received in evidence without being marked.

11. That the plaintiff be given 60 days from the date that this stipulation is filed to file a brief and the defendant be given 60 days thereafter in which to reply.

In their brief submitted on behalf of plaintiff counsel contend:

> The sole issue presented by this protest is whether the Collector erred in refusing to reliquidate the entry as requested by the importer and authorized by Section 520(c)(1), Tariff Act of 1930, 19 U.S.C. § 1520(c)(1).

On the other hand defendant contends that the issues are:

> 1. Whether or not the Court has jurisdiction to review on protest the refusal of the Collector to reliquidate an entry for a reason other than a clerical error.
>
> 2. Whether the Collector's classification of the involved merchandise constituted a mistake in the construction of the law or a mistake of fact within the meaning of section 520(c)(1).

The plaintiff's protest is against the collector for his refusal to reliquidate to correct a mistake of fact under section 1520(c)(1) of Title 19 of U.S.C.A. the pertinent provisions of which are:

> (c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—
>
> > (1) A clerical error, mistake of fact, or other inadvertence *not amounting to an error in the construction of a law*, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction * * * [Emphasis added.]

The merchandise in issue—fiber glass mats—was liquidated January 18, 1963 under the provisions of paragraph 1539(b), section 1001 of Title 19 U.S.C.A., as modified by T.D. 54108, as manufactures wholly or in chief value of a product of which any synthetic resin or resin-like substance is the chief binding agent.

No protest was filed within 60 days after liquidation of the entry.

December 12, 1962 in *United States (Index Industrial Corp., Party in Interest)* v. *National Starch Products, Inc.*, 50 CCPA 1, C.A.D. 809, a case involving similar merchandise, it was held that fiber glass mats are not manufactures wholly or in chief value of a product of which any synthetic resin or resin-like substance is the chief binding agent.

Plaintiff seeks to have his entry reliquidated in conformity with the decision in C.A.D. 809, contending that the collector by classifying the merchandise in this case differently from similar merchandise in C.A.D. 809 had made a mistake of fact. Plaintiff's request for relief to correct a mistake of fact under section 1520(c)(1) filed nine and a half months after liquidation is actually an attempt to correct an

error of judgment on the part of the collector in making a classification of the merchandise under the wrong paragraph of the Tariff Act of 1930, which is a mistake in the applicable law. A finding that merchandise is covered by a certain paragraph of the tariff act is in the nature of a conclusion of law. *United States* v. *Imperial Wall Paper Co.*, 14 Ct. Cust. Appls. 280, T.D. 41886 (1926). Section 1520(c)(1) expressly excepts mistakes of law from its coverage. Plaintiff's remedy was to file a protest under section 1514 of Title 19 of U.S.C.A. (section 514, Tariff Act of 1930, as amended) within sixty days after liquidation.

Since plaintiff is seeking to correct an error amounting to an error in the construction of a law and its protest was filed after the expiration of the time limitation imposed by section 1514 of Title 19 of U.S.C.A. (section 514, Tariff Act of 1930, as amended) for the filing of protest to correct such errors the court is without power to entertain it. It, therefore, follows that the claim presented in plaintiff's protest is not before the court for decision, and the protest must be dismissed for lack of jurisdiction.

Judgment will be entered accordingly.