BOAST, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–11–00793

(Decided February 10, 1993)

*Peter S. Herrick,* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney-in-charge, International Trade Field Office, (*Nancy M. Frieden*), Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant.

## MEMORANDUM OPINION

DiCARLO, *Chief Judge:* Plaintiff, Boast, Inc., challenges the refusal of the United States Customs Service to reliquidate certain merchandise consisting of woven nylon track suits under 19 U.S.C. § 1520(c)(1) (1988). Defendant moves to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(5) of the Rules of this court. The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988) and 19 U.S.C. § 1514(a)(7) (1988). Defendant's motion is granted.

## BACKGROUND

Plaintiff imported merchandise consisting of woven nylon track suits with a nylon lining. Customs liquidated the merchandise as men's jackets, men's trousers and women's jackets under headings 6201, 6203 and 6204 of the Harmonized Tariff Schedule of the United States (HTSUS) at rates ranging from 29.5% to 30.4% instead of as track suits under HTSUS heading 6211.

Subsequently, at the request of another importer of similar merchandise, Customs issued a Headquarter Ruling Letter HQ 087511 (New Ruling) revoking its previous ruling HRL 084736 (Old Ruling) which

took the position that it was incorrect to classify track suits with lining under HTSUS heading 6211. In the New Ruling, Customs conceded that, as a result of its flawed application of the Explanatory Notes to the HTSUS,[1] it had erred in not allowing woven track suits with lining to be classified as track suits under HTSUS heading 6211.

The Explanatory Notes (EN) involved in this action are EN 62.11 to heading 6211 and EN 61.12 to heading 6112, HTSUS. EN 62.11 states: "The provisions of the Explanatory Note to heading 61.12 concerning track suits * * * apply, *mutatis mutandis,* to the articles of this heading." *2 Harmonized Commodity Description and Coding System, Explanatory Notes* 856 (1986). And EN 61.12 provides, *inter alia:*

> (A) Track suits, i.e., knitted articles consisting of two pieces, *not lined* but sometimes with a raised inner surface (nap) which, because of their general appearance and the nature of the fabric, are clearly meant to be worn exclusively or mainly in the pursuit of sporting activities.

*id.* at 841. (emphasis added).

Customs explains in the New Ruling: "*Mutatis mutandis* is defined by *Black's Law Dictionary* (West 1979), as '[w]ith the necessary changes in points of detail, meaning that matters or things are generally the same, but to be altered when necessary * * *.'"

> In applying the "knitted" EN to the "woven" heading, we failed to take into account several physical differences between the two construction types. A knit construction in the outer shell of track suits is desirable because of the fabric's ability to both "breathe" and to wick away perspiration. An inner liner of any material would not augment these characteristics significantly, and would likely create an atmosphere of undesirable warmth for the athletic wearer.
>
> Contrarily, woven outer shells of track suits do not solely impart the aforementioned characteristics. It is our opinion that "necessary changes in points of detail," from knitted track suits to woven, allow the presence of a liner with the ability to both breathe and to wick away perspiration. Track suits with a woven outer shell and an inner lining **capable of importing the characteristics enumerated above** are therefore classifiable in heading 6211, HTSUSA, as track suits. * * *

Customs Ruling, HQ 087511 (Jan. 14, 1991) at 3 (emphasis in original). Thus, Customs concludes, by applying EN 61.12, *mutatis mutandis,* to HTSUS heading 6211, woven track suits with a lining are classifiable as track suits under HTSUS heading 6211.

---

[1] *Harmonized Commodity Description and Coding System, Explanatory Notes* (1986) are official interpretation of the Harmonized System by the Customs Cooperation Council, the international organization responsible for the Harmonized System. While not treated as dispositive, the Explanatory Notes are to be given considerable weight in Customs' interpretation of the HTSUS. *See Guidance for Interpretation of Harmonized System,* T.D. 89–80, 23 Cust. Bull. 379, 381 (1989). "In the absence of clear and unambiguous statutory language to the contrary, it has been the practice of the Customs Service to follow, whenever possible, the terms of the Explanatory Notes when interpreting the HTSUSA." Customs Ruling Letter HQ 087511 (Jan. 14, 1991) at 3.

Plaintiff filed a timely request under 19 U.S.C. § 1520(c)(1) for reliquidation of its merchandise as track suits under HTSUS heading 6211 at a rate of 17% *ad valorem*. Upon Customs' denial of its request, plaintiff filed timely protests pursuant to 19 U.S.C. § 1514. Customs denied plaintiff's protests; plaintiff commenced this action challenging Customs' refusal to reliquidate under 19 U.S.C. § 1520(c)(1).

## DISCUSSION

Plaintiff in its complaint alleges that Customs misclassified the subject merchandise as a result of its flawed application of the Explanatory Notes, and that such flawed application was made "through inadvertence and/or mistake of fact" correctable under § 1520(c)(1). The court holds that plaintiff has failed to state a claim upon which relief may be granted.

Under the current statutory scheme, an importer who believes that Customs has misinterpreted the applicable law and improperly classified his merchandise may file a protest within 90 days after liquidation of the merchandise pursuant to 19 U.S.C. § 1514. In addition, Customs may reliquidate an entry within one year after its liquidation to correct "a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law" under 19 U.S.C. § 1520(c)(1), which provides, in pertinent part:

> Notwithstanding a valid protest was not filed, the appropriate customs officer may * * * reliquidate an entry to correct—
>
> > (1) a clerical error, a mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction; * * *

It is well established, however, that § 1520(c)(1) "is 'not an alternative to the normal liquidation-protest method of obtaining review' [under § 1514], but rather affords 'limited relief' where an unnoticed or unintentional error has been committed." *Computime, Inc. v. United States,* 9 CIT 553, 556, 622 F. Supp. 1083, 1085 (1985) (quoting *C.J. Tower & Sons of Buffalo, Inc. v. United States,* 68 Cust. Ct. 17, 21, C.D. 4327, 336 F. Supp. 1395, 1398 (1972), *aff'd,* 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974)).

For the purpose of § 1520(c)(1), a mistake of fact has been defined as "a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist." *C.J. Tower,* 68 Cust. Ct. at 22, 336 F. Supp. at 1399. Inadvertence, on the other hand, has been defined as "an oversight or involuntary accident, or the result of inattention or carelessness, and even as a type of mistake." *Id.* In *Tower,* a leading case on what constitutes a mistake of fact correctable under § 1520(c) (1), the court found a mistake of fact existed

where neither the importer nor the Customs officer was aware that the merchandise was emergency war materials entitled to duty-free entry under a separate item of the tariff schedule until after the liquidation. Thus, under *Tower*, a mistake of fact or inadvertence is correctable under § 1520 (c) when the mistake goes to the nature of the merchandise and is the underlying cause for its incorrect classification. *See Concentric Pumps, Ltd. v. United States,* 10 CIT 505, 509, 643 F. Supp. 623, 625 (1986).

In this action, plaintiff makes no reference to a mistake in the nature of the merchandise in its complaint or protests filed under § 1514. Instead, the only inadvertence or mistake alleged therein goes to Customs' application of the Explanatory Notes to the subject merchandise.[2] Courts have consistently held that § 1520(c)(1) may not be used to rectify incorrect interpretations of law or mistake in the application of law. *See, e.g., Hambro Automotive Corp. v. United States,* 66 CCPA 113, C.A.D. 1231, 603 F.2d 850 (1979); *Computime,* 9 CIT at 556, 622 F. Supp. at 1085; *Fibrous Glass Prods., Inc. v. United States,* 63 Cust. Ct. 62, C.D. 3874 (1969), *appeal dismissed, mem.* 57 CCPA 141 (1970). Accordingly, the alleged mistake in Customs' application of the Explanatory Notes cannot be rectified by § 1520(c)(1).

In appraising the sufficiency of the complaint, the court follows the accepted rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). The court finds that plaintiff in this action can prove no set of facts in support of his claim which would entitle him to relief under § 1520(c)(1).

It is undisputed here that Customs misinterpreted the Explanatory Notes concerning track suits under its Old Ruling, and that the alleged misclassification was a result of Customs' "flawed" application of the Explanatory Notes. Plaintiff claims for the first time in its memorandum opposing defendant's motion to dismiss that Customs did not know the purpose of lining in woven track suits at the time of liquidation. Assuming this allegation is true, such lack of knowledge could not be the cause for the alleged misclassification. Given Customs' interpretation of the applicable Explanatory Notes under the Old Ruling (i.e., track suits not classifiable under Heading 6211 if lined), Customs would not have found the merchandise—woven track suits with lining—classifiable under Heading 6211. The physical differences between the two types of track suits would have no bearing on the classification unless Customs construes the phrase "*mutatis mutandis*" so as to take them into consid-

---

[2] The complaint alleges: "Through inadvertence and/or mistake of fact Customs applied the Explanatory Note of HTSUS Heading 6112 to the HTSUS Heading 6211" and "The 'flawed' application of the Explanatory Notes to HTSUS Heading 6211 was an inadvertence and/or mistake of fact." Compl. paragraphs 10, 13. The protests claim that the error in classification was "an inadvertence in extending to and applying Heading 6112's Explanatory Note to Heading 6211" and that Customs' failure to take into account several physical differences between the two construction types of the merchandise is an "inadvertence in applying the Explanatory Note" correctable under § 1520(c)(1). Protests, Nos. 5201–91–100198, 5201–91–100199.

eration. Hence, no matter what set of facts plaintiff may prove in this case, plaintiff would not be entitled to relief under § 1520(c)(1) because the cause of the alleged misclassification is Customs' incorrect interpretation or flawed application of the Explanatory Notes, a mistake "amounting to an error in the construction of a law" expressly excepted from remedy under § 1520(c)(1).

As defendant points out, this case is analogous to *Fibrous Glass,* 63 Cust. Ct. 62. In *Fibrous Glass,* subsequent to a court decision holding that Customs erred in the classification of a similar merchandise, the plaintiff-importer filed a § 1520(c) claim to reliquidate his entry in conformity with the judicial decision. The court dismissed the claim, stating that plaintiff's request to reliquidate under § 1520(c)(1) "is actually an attempt to correct an error of judgment on the part of the collector in making a classification of the merchandise under the wrong paragraph of the Tariff Act of 1930, which is a mistake in the applicable law." *Id.* at 64–65 (citation omitted). Similarly, plaintiff in this case is seeking relief under § 1520(c)(1) to reliquidate the merchandise in conformity with a later Customs' Ruling. Thus, like the plaintiff in *Fibrous Glass,* plaintiff in this action is attempting to correct an error of judgment on the part of Customs in classifying the merchandise, which is a mistake in the applicable law, not correctable under 19 U.S.C. § 1520(c)(1).

## CONCLUSION

The alleged misclassification of the subject merchandise was not the result of a mistake of fact or other inadvertence correctable under 19 U.S.C. § 1520(c)(1), but a mistake in the construction of law remediable only by filing a timely protest under 19 U.S.C. § 1514. Since plaintiff did not file such protest within the statutory time limit, the liquidation of the merchandise is final pursuant to 19 U.S.C. § 1514(a). Plaintiff has failed to state a claim upon which relief can be granted; this action must be dismissed in accordance with Rule 12(b)(5) of the Rules of this Court.